**FILED**

NOV 1 0 2005

# District court of the United States

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### IN THE DISTRICT OF COLUMBIA

Ronald N Romashko,
14B Hillsboro Dr.
P O Box 506,
Arden, NC 28704
828-654-9580

Case No. _____

Plaintiff(s),

CASE NUMBER    1:05CV02209

JUDGE: Colleen Kollar-Kotelly

v.

DECK TYPE: Pro se General Civil

United States

DATE STAMP: 11/10/2005

Defendant.

## COMPLAINT, PETITION, AND CLAIM
## IN THE NATURE OF A COMPLAINT, PETITION, AND CLAIM
## UNDER THE AUTHORITY OF 26 U.S.C. § 7433

### I
### INTRODUCTION

1. This Honorable Court has subject matter jurisdiction of these proceedings pursuant to

26 U.S.C. §7433, and derives its rights pursuant to Article III of the Constitution of the

United States and Title 28 of the United States Code, as interpreted by Nguyen v.

United States, 539 U.S. 69 (2003), and by virtue of sufficient pleadings clearly setting

forth the right, title and claim of the plaintiff(s). Ronald N Romashko, plaintiff(s), is/are

(a) Citizen(s) of North Carolina, a "State in this Union," (Art. IV § 4, United States

Constitution), and is/are neither employed by, nor personnel of, the United States Inc.,

(Art. II, United States Constitution). Defendant through principals, officers, agents,

rogue agents and/or employees of the Internal Revenue Service, in connection with the

collection of federal tax beginning with 1997 recklessly, intentionally or by reason of

negligence disregarded and continue to disregard provisions of Title 26 United States Code and the regulations promulgated thereunder as set forth below.

II

## JURISDICTION AND VENUE

2.    This court is empowered with subject matter jurisdiction to evaluate the pleadings of plaintiff(s) under informal, relaxed and less restrictive guidelines than ordinarily affords litigants in district courts of the United States, especially *pro se* litigants.  *See* Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652.

3.    This court cannot be deprived of subject matter jurisdiction because this action is procedurally proper, places substantive fact issues before this Court via affidavit, and is brought to recover damages from Defendant because Defendant through principals, officers, agents, rogue agents and/or employees of the Internal Revenue Service, in connection with the collection of federal tax recklessly, intentionally or by reason of negligence disregarded and continue to disregard provisions of Title 26 United States Code and the regulations promulgated thereunder;

4.    Venue is proper in the district court of the United States, (26 USC §7433), in the District of Columbia, the Seat of Government, (4 USC § 71, 72, 73);

5.    Pursuant to Rule 12(b)(6), FED.R.Civ.P., plaintiff(s) herein state(s) claims upon which relief may be granted and, therefore, *Pro Se* litigant's petition cannot be dismissed for failure to state a claim upon which relief can be granted.  *See* Haines v. Kerner, 404 U.S., 92 S. Ct. 594, 30 L. Ed. 2d 652;

6.    Plaintiff(s) has/have exhausted all administrative remedies, attempted to mitigate

damages and has/have commenced this action within two (2) years after the date on which the right of this action accrued.

### III.

### COMPLAINT AND STATEMENT OF FACTS

7.    Defendant, through principals, officers, agents, rogue agents and/or employees of the Internal Revenue Service, in connection with the collection of federal tax recklessly, intentionally, or by reason of negligence disregarded the following provisions of Title 26 United States Code and the regulations promulgated thereunder[1]:

a.    26 U.S.C §6201(a) by failing to make an assessment of the taxes plaintiff(s) allegedly owe(s);

b.    26 U.S.C § 6202 by failing to make an assessment of the taxes plaintiff(s) allegedly owe(s) within the time and mode set forth by the secretary;

c.    26 U.S.C. §6203 by failing to record an assessment of the taxes plaintiff(s) allegedly owe(s);

d.    26 U.S.C. §6203 by failing to furnish plaintiff(s) copies of records of assessment upon plaintiff(s) request;

e.    26 U.S.C. §7214(a) by attempting and continuing to attempt to collect sums greater than appear on records of assessment;

f.    26 U.S.C. §6159 by abrogating plaintiff(s) guaranteed availability of an installment agreement;

g.    26 U.S.C. §6402 by failing to refund all unassessed taxes taken from plaintiff(s)

---

[1] This listing is not inclusive. There may be other provisions of Title 26 and its regulations that plaintiff(s) is/are not aware of which have been disregarded.

upon plaintiff(s) written request to the United States Treasurer;

h.    26 U.S.C. §6404(g) by failing to suspend interest and penalties for reason that

defendant has not specifically stated the amount of, and the basis for the liability

defendant says plaintiff(s) owe(s);

i.    26 U.S.C. §6501(a) by neglecting to assess taxes owed within three years;

j.    26 U.S.C. §6751(a) by failing to include in a notice imposing a penalty (1) the

name of the penalty, (2) the Code section authorizing the penalty, and (3) an

actual computation of the penalty;

k.    26 U.S.C. §6751(b)(1) by failing to verify that a supervisor had personally

approved, in writing, the initial penalty determination;

l.    26 U.S.C. §7123(b)(1) by failing to provide plaintiff(s) with non-binding

mediation;

m.    26 U.S.C. §7491(b) by refusing to prove items of income which were

reconstructed solely through the use of statistical information on unrelated

taxpayers;

n.    26 U.S.C. §7491(c) by refusing to produce any evidence with respect to the

imposition of penalties and additions;

o.    26 U.S.C. §7602(a) by conducting a presumed financial status audit.

## IV
## Legal Authority

8.    Section 7433 of the Internal Revenue Code provides "taxpayers" with a cause of action

for damages against the United States when in connection with the collection of any

federal tax where IRS principals, officers, agents, rogue agents, and/or employees

recklessly, intentionally or by reason of negligence disregard any provision of Title 26

United States Code and the regulations promulgated thereunder.

9.    Before sums deposited in respect of a "presumed taxpayer" can be converted to use by

the United States Treasury, the "taxpayer" must be assessed. The term "assessment"

has a technical meaning binding on a court and on the government. United States v.

Miller, 318 F.2d 637, (7th Cir. 1963); See also Davis v Strople (Fla) 39 So 2d 468;

People ex rel. Mayfield v Springfield, 16 Ill 2d 609, 158 NE2d 582;, 77 Ohio St 311, 83

NE 392; Morissette v United States, 342 US 246; 96 L.Ed. 288; 72 S. St 240; Case

v Los Angeles Lumber Products Co. 308 US 106, 84 L Ed 110, 60 S Ct 1, reh den 308

US 637, 84 L Ed 529, 60 S Ct 258

10.    The assessment process regarding federal income taxes is a matter controlled by

statutes and regulation; **it is not possible for a "taxpayer" to make an assessment**.

26 C.F.R. §§ 301.6201-1 and 301.6203-1; Girard Trust Bank v. United States, 643

F.2d 725 (Ct.Cl. 1981).

11.    The *Internal Revenue Code* articulates clearly what an "assessment" is and the *Code*

clearly defines the form which is to be completed for an assessment. In the 1954 and

1986 Internal Revenue Codes, § 6201(a) authorizes the Secretary of the Treasury to

make assessments.

12.    The method of recording an administrative act such as an assessment is governed by

§ 6203, which provides:

> The assessment shall be made by recording the liability of the taxpayer
> in the office of the Secretary in accordance with rules or regulations
> prescribed by the Secretary. Upon request of the taxpayer, the Secretary
> shall furnish the taxpayer a copy of the record of assessment (emphasis

added).

13.    "The term 'Secretary' means the Secretary of the Treasury or his delegate." 26 U.S.C.

§ 7701(a)(11)(B).

14.    The specific tax regulation concerning the assessment process is 26 C.F.R. §

301.6203-1 which reads in pertinent part:

> The district director and the director of the regional service center shall
> appoint one or more assessment officers. The assessment shall be
> made by an assessment officer signing the summary record of the
> assessment. The summary record, through supporting records, shall
> provide identification of the taxpayer, the character of the liability
> assessed, the taxable period, if applicable, and the amount of the
> assessment. The amount of the assessment shall, in the case of tax
> shown on a return by the taxpayer, be the amount so shown, and in all
> other cases the amount of the assessment shall be the amount shown
> on the supporting list or record. See United States v. Coson, 286 F.2d
> 453 (9th Cir. 1961); Kurio v. United States, 281 F. Supp. 252 (D.C.Tex.
> 1968); Heck v. Walters, 523 F.2d 23 (C.A. Cal. 1975); United States v.
> Taylor, 305 F.2d 183 (4th Cir.), cert. denied, 371 U.S. 894 (1962).

There can be no dispute that the assessment list is the supporting record and

is absolutely essential before a valid assessment can be made.    The regulation

contemplates a signed document and is consistent with the supporting statute which

provides that the taxpayer is entitled to a copy reference to which implies that a hard

copy exists.

15.    By the Internal Revenue Service's own admission in its IR Manual [5312(1), MT 5300-1

(11-15-85)], the assessment lists support the assessment certificate:

> The foregoing statement from the IR Manual is a party
> admission that an assessment list must exist. See United
> States v. Van Griffin, 874 F.2d 634, 638 (9th Cir. 1989)
> (Government manuals are admissible as party admissions
> under Fed.R.Evid. 801(d)(2)(D)).

16.    In addition to the above IRM provision which proves that Form 23-C is the assessment

form, established decisional authority also reveals that a tax assessment is made upon

Form 23-C. For example, in <u>Meyersdale Fuel Co. v. United States</u>, 44 F.2d 437, 443

(Ct.Cl. 1930), Form 23-C is mentioned: When the Commissioner of Internal Revenue

makes an assessment of taxes, he signs a list entitled "Commissioner's assessment

list" on Form 23C-1.

17.    In <u>Brafman v. United States</u>, 384 F.2d 863 (5th Cir. 1967), the procedure for the

execution of a tax assessment on a Form 23-C was articulated. In *Brafman*, the

government sought to attach liability for unpaid estate taxes to an heir of that estate

under a transferee liability theory. But, Mrs. Brafman argued that she was not so liable

because the assessment certificate relevant in that case was unsigned. In agreeing

with that argument and holding the certificate at issue void, the court stated:

> The assessment certificate involved in this case, a photostated [sic] copy
> of which is in the record, is not signed by an assessment officer or by
> any other official ... Since the certificate lacks the requisite signature, it
> cannot constitute a valid assessment. Id. at 865-66.

Even the instructions on the reverse side of the assessment certificate, Form 23-

C, specify that the original form "is to be transmitted to the District Director for

signature, after which it will be returned to the Accounting Branch for permanent filing."

Id. at 866.

What is important in any case is that the assessment is not automatic upon

recordation; **it requires the action of an assessment officer**. That action, as defined

explicitly in the Treasury Regulations, is the signing of the certificate. Id. at 867. *See*

*also* <u>Stallard v. United States</u>, 806 F.Supp. 152, 158 (W.D.Tex. 1992) (Defendant

submitted a "Form 23C," which it asserts is a summary record of assessment.) *See*

*also* <u>Robinson v. United States</u>, 920 F.2d 1157 (3rd Cir. 1990).

18.    Merely demanding payment for a tax, even repeatedly, does not cause liability. <u>Bothke</u>

<u>v. Fluor Engineers and Constructors, Inc.</u>, 713 F.2d 1405 (1983).

19.    Several cases disclose the type of information which must be contained on a Form 23-

C tax assessment record and its supporting list. For example, in <u>Ianelli v. Long</u>, 329

F.Supp. 1241, 1242 (W.D.Pa. 1971), the description of the various data is as follows:

> The procedure for assessment provides, inter alia, that the assessment
> officer shall sign the summary record of assessments made against any
> tax payer, that said action, through supporting records, shall provide
> identification of the tax payer, the character of the liability assessed, the
> taxable period as applicable, and the amount of the assessment. The
> date of the assessment is the date the summary record is signed by an
> assessment officer. 26 U.S.C.A. § 301.6203-1, Code of Federal
> Regulations. **Since this procedure was not followed, in this case,**
> **therefore, the assessment is void and the executions based**
> **thereon are invalid** (emphasis added).    In <u>Planned Investments, Inc.</u>
> <u>v. United States</u>, 881 F.2d 340, 343 (6th Cir. 1989), the court examined
> the requirements of 26 C.F.R. § 301.6203-1 and concluded:
> Section 6203 of Subchapter A provides that assessment be made by
> recording the liability in accordance with the regulations promulgated by
> the Secretary. 26 U.S.C. § 6203 ... Treasury regulations provide that the
> assessment be made by signing the summary record of assessment. 26
> C.F.R. § 301.6203-1. The summary record, through supporting
> documents, must contain the following:
> (1)    identification of the taxpayer;
> (2)    character of liability assessed;
> (3)    taxable period, if applicable; and
> (4)    amount of assessment.
> Finally, the court in <u>Robinson v. United States</u>, 920 F.2d 1157, 1158 (3rd

Cir. 1990), described the assessment process as:
A duly designated official for the district or regional tax center signs the
summary record of the assessment, which identifies the taxpayers, the
type of tax owed, the taxable period and the amount of the assessment.
26 U.S.C. § 6203; Treas. Reg. § 301.6203-1.  See also Essex v. Vinal,
499 F.2d 265, 230 (8th Cir. 1974).

20.    There is no statutory authority for the IRS to substitute a RACS 006 or a Form 4340

(Certificate of Assessments and Payments) for a Form 23-C (Summary Record of

Assessment).

21.    Absent a lawful assessment, a tax is not owed. Ridinsky v. United States, 622 F. Supp.

331 (1985); Estate of M. Karl Goetz v. United States, 286 F.Supp. 128; In re Western

Trading Co., 340 F.Supp. 1130 (D.Nev. 1972).  **The absence of the requisite**

**documents proves that there has been no assessment and, consequently, no**

**tax collection activities may be pursued.**  (**Mandatory Judicial Notice**

**FED.R.EVID. 201**).

22.    It is well established that anyone who deals with the government assumes  the risk that

the agent acting in the government's behalf has exceeded the bounds of his authority.

Bollow v. Federal Reserve Bank of San Francisco, 650 F.2d 1093 (9th Cir. 1981); Lavin

v. Marsh, 644 F.2d 1378 (9th Cir. 1981): Federal Crop Ins. Corp. v. Merrill, 332 U.S.

380, 68 S.Ct. 1 (1947); Government of the Virgin Islands v. Gordon, 244 F.2d 818 (3rd

Cir. 1957).  However, public officers are but agents whose authority is defined and

limited by law.  Their acts beyond their lawful powers are ineffectual to bind the public;

which they represent, and their neglect and laches can seldom affect public rights. Hale County, Texas v. American Indemnity Co, 63 F.2d 275 (5th Cir. 1933); Board of Comm. of Peace Officers Annuity and Benefit Fund v. Clay, 214 Ga. 70, 102 S.E.2d 575, (1958); Pierce v. United States, 7 Wall. (74 U.S. 666, 673 (1868); Federal Trade Commission v. Raladam Co., 283 U.S. 643, 51 S.Ct. 587 (1931); United States v. Forster, 131 F.2d 3 (8thCir. 1942). The acts of federal agents — committed without delegated authority — are also held void in Cudahy Packing Co. v. Holland, 314 U.S. 357, 62 S.Ct. 651 (1942); United States v. Giordano, 416 U.S. 505, 94 S.Ct. 1820 (1974); United States v. Pees, 645 F.Supp. 687 (D.Col. 1986); United States v. Hovey, 674 F.Supp. 161 (D.Del. 1987); United States v. Spain, 825 F.2d 1426 (10th Cir. 1987); United States v. Emerson, 846 F.2d 541 (9th Cir. 1988); United States v. McLaughlin, 851 F.2d 283 (9th Cir. 1988); and United States v. Widdowson, 916 F.2d 587, 589 (10th Cir. 1990).

23.    Plaintiff(s) exclusive remedy is found under 26 U.S.C. § 7433. Schipper v. United States (E.D.N.Y. 1995); Barron v. United States (D.C.N.H. 1998); Valladares v. IRS (E.D.Cal. 2001); Gille v. United States, 838 F.Supp. 521 (N.D.Okla. 1993); Information Resources, Inc. v. United States, 950 F.2d 1122, ( 5th Cir. 1992).

24.    Administrative claims which plaintiff(s) filed with the Internal Revenue Service and the Secretary of the Treasury worked to satisfy the requirement that a "taxpayer" must exhaust administrative remedies before bringing suit for disregarding provisions of Title

26 United States Code and its regulations in connection with collection activities. Even

assuming some minor defect in plaintiff(s) administrative claim, requiring plaintiff(s) to

again pursue administrative remedies would amount to nothing more than futile

reexhaustion. Hurt v. United States, 914 F. Supp. 1346, (S.D.W.Va. 1996).

25.    The penalties for disclosure of confidential information by an officer or employee of the

United States or of any department or agency thereof are prescribed in 18 U.S.C. §

1905. In United States v. Lee, 106 U.S. 196, 1 S.Ct. 240 (1882), the Court held:

> No man in this country is so high that he is above the law. No officer of
> the law may set that law at defiance with impunity. All the officers of the
> government, from the highest to the lowest, are creatures of the law and
> are bound to obey it. It is the only supreme power in our system of
> government, and every man who by accepting office participates in its
> functions is only the more strongly bound to submit to that supremacy,
> and to observe the limitations which it imposes upon the exercise of the
> authority which it gives.

## V

## CONCLUSION

26.    As a direct and proximate result of the reprehensible, egregious, and vexatious conduct

and the wanton disregarding of provisions of Title 26 United States Code and the

regulations promulgated there-under by defendant's principals, officers, agents, rogue

agents and/or employees of the Internal Revenue Service in connection with the

collection of federal tax plaintiff(s) has/have suffered substantial personal

embarrassment, loss of income, and loss of goodwill, resulting in actual damages, the

extent of which at this time cannot be completely and accurately ascertained, but which

will be more fully known after the completion of discovery.

27.     Such reprehensible, egregious, and vexatious conduct and the wanton disregarding of

the provisions of Title 26 United States Code and the regulations promulgated

thereunder by defendant's principals, officers, agents, rogue agents and/or employees

of the Internal Revenue Service in connection with the collection of federal tax entitles

plaintiff(s) to punitive damages the extent of which at this time cannot be completely and

accurately ascertained, but which will be known more fully after the completion of

discovery.

28.     Plaintiff(s) have exhausted all administrative remedies before bringing this suit by

disputing the tax claims made by the defendant and properly petitioning for all years in

question the Commissioner of the Internal Revenue Service for lawful summary records

of assessment and the Secretary of the Treasury for refunds. Plaintiff(s) received no

timely response from either the Commissioner of the Internal Revenue Service or the

Secretary of the Treasury.

29.     Plaintiff(s) is/are entitled to injunctive relief beyond reach of 26 U.S.C. §7421, pursuant

to LAING v. UNITED STATES, 423 U.S. 161 (1976); ENOCHS v. WILLIAMS

PACKING CO., 370 U.S. 1 (1962);

As stated in Enochs, 370 U.S. 1, 8:

"[I]n general, the Act prohibits suits for injunctions barring the

> collection of federal taxes *when the collecting officers have made the assessment* and claim that it is valid. Snyder v. Marks, 109 U.S. 189, 194 ." (emphasis added)

As alleged herein, defendants failed to record any assessment. This failure renders

IRC §7421 inapplicable, as explained in Enochs, 370 U.S. 1, 7:

> The manifest purpose of 7421 (a) is to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund. In this manner the United States is assured of prompt collection of its lawful revenue. 6 *Nevertheless, if it is clear that under no circumstances could the Government ultimately prevail, the central purpose of the Act is inapplicable and, under the Nut Margarine case, the attempted collection may be enjoined if equity jurisdiction otherwise exists. In such a situation the exaction is merely in "the guise of a tax." Id., at 509.* (emphasis added)

Section 7421 a's inapplicability in the instant case is also supported by LAING, 423

U.S. 161, 162:

> "[B]ecause [IRS] failed to comply with these requirements, the taxpayers' suits were not barred by the Anti-Injunction Act. Pp. 169-185."

The United States has no possibility of rebutting the claims of plaintiff(s) and Plaintiff(s)

has/have already suffered extreme hardship.

## REMEDY SOUGHT

30.    Determination that the defendant's principals, officers, agents, rogue agents and/or

employees of the Internal Revenue Service in connection with the collection of federal

tax from the plaintiff(s), recklessly, intentionally or by reason of negligence, disregarded any provision of Title 26 United States Code and/or any regulation promulgated under Title 26 United States Code.

31.    Determination of the amount of damages for which the plaintiff(s) is/are entitled to amend the reprehensible, egregious, and vexatious behavior of the defendant.

32    Refund of all unassessed taxes, return of all seized property, return of all levied funds and an order requiring defendant's principals, officers, agents, rogue agents and/or employees to cease disregarding any provision of Title 26 United States Code and/or any regulation promulgated under Title 26 United States Code.

33.    The cause of justice and the rule of law justly require this court's Order enjoining the Internal Revenue Service, its officers, employees and anyone working or acting in behalf of the IRS, including any and all U.S. attorneys, employees of the Department of Justice and judges from engaging in any further collection activity, whether civil or criminal until all claims are fully resolved and the return of all sums wrongfully collected.

34.    Further relief as the court determines is justified.

Dated: _NOVEMBER 7_, 2005

Ronald N Romashko

# **A F F I D A V I T**

Affiant , Ronald N Romashko,  is of lawful age and competent to testify, after having been duly sworn, state as follows based upon affiant's own personal knowledge:

1.    It is not now, nor has it ever been, affiant's intent to avoid paying any tax that affiant is legally liable to pay or that affiant lawfully owes.

2.    Affiant is not in possession of any document which verifies that defendant has complied with 26 U.S.C §6201(a) by making an assessment of the taxes affiant allegedly owes;

3.    Affiant is not in possession of any document which verifies that defendant has complied with 26 U.S.C. §6202 by making an assessment of the taxes affiant allegedly owes within the time and mode set forth by the secretary;

4.    Affiant is not in possession of any document which verifies that defendant has complied with 26 U.S.C. §6203 by  recording an assessment of the taxes affiant allegedly owes;

5.    Affiant is not in possession of any document which verifies that defendant has complied with 26 U.S.C. §6203 by furnishing affiant copies of records of assessment upon affiants request;

6.    Affiant is not in possession of any document which verifies that defendant has complied with 26 U.S.C. §7214(a) by not attempting and continuing to attempt to collect sums greater than appear on records of assessment;

7.    Affiant is not in possession of any document which verifies that affiant owes a "tax" to the United States Treasury.

8.    Affiant is not in possession of any document which verifies that the defendant has complied with all collection procedures required by the IRS Code and its regulations.

9.    Affiant is not in possession of any document which identifies the authority for the IRS to substitute a RACS 006 or a Form 4340 (Certificate of Assessments and Payments) for a Form 23-C (Summary Record of Assessment).

10.    To the best of affiant's knowledge, affiant has timely attempted to respond to every single solitary presentment made to affiant by the IRS.

Ronald N Romashko v. United States.                page 15 of 16 pages                26 U.S.C. §7433 Complaint

**05 2209**

**FILED**

**NOV 1 0 2005**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

11.    Affiant has repeatedly asked for the IRS to comply with its own administrative procedures.

12.    Pursuant to 26 C.F.R. §601.702(c) the IRS is required to answer any correspondence of a "taxpayer" within 10 days. Affiant has repeatedly sent numerous correspondence that the IRS has repeatedly and willfully failed to answer.

13.    Affiant has requested copies of lawful summary records of assessments (Forms 23-C) from the Commissioner of the IRS. Affiant received no response.

14.    Pursuant to lawful procedure, affiant has requested, from the Secretary of the Treasury, a refund of all unassessed taxes taken from affiant. Affiant received no response.

15.    Affiant has exhausted all administrative remedies, attempted to mitigate damages and has commenced this action within two (2) years after the date on which the right of this action accrued.

16.    Affiant believes there is no possible way that the United States can rebut any of the claims made in this pleading.

Dated: *November 7*, 2005

*Ronald N Romashko*
Ronald N Romashko

### Acknowledgment

On the above inscribed date before the undersigned, a Notary Public for the State of North Carolina, personally appeared, Ronald N Romashko, known to me to be the person(s) whose name(s) are subscribed to the within instrument, and acknowledged to me that he/she/they executed the same as his/her/their free act and deed.

*Laura L Bowen*
Notary, State of North Carolina

*My commission expires
June 19, 2010*



Ronald N Romashko v. United States.          page 16 of 16 pages          26 U.S.C. §7433 Complaint