IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RONALD N.ROMASHKO | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:05-cv-2209 (CKK) |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED STATES' MOTION TO DISMISS AMENDED COMPLAINT**

DEFENDANT, the United States of America, moves under Fed. R. Civ. P. 12(b), to dismiss plaintiff's amended complaint.

As grounds for this motion, the United States submits that the Court lacks jurisdiction over the amended complaint.

A memorandum of points and authorities in support of this motion and a proposed order are submitted herewith.

DATED: October 27, 2006.                    Respectfully submitted,


                                            /s/ Pat S. Genis
                                            PAT S. GENIS, #446244
                                            Trial Attorney, Tax Division
                                            U.S. Department of Justice
                                            P.O. Box 227
                                            Washington, DC 20044
                                            Phone/Fax: (202) 307-6390/514-6866
                                            Email: pat.genis@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

1864489.1

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RONALD N. ROMASHKO | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:05-cv-2209 (CKK) |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF UNITED
STATES' MOTION TO DISMISS AMENDED COMPLAINT**

This is a civil action in which plaintiff seeks damages for alleged "wrongful collection" of federal taxes. Plaintiff also seeks "replevin of any and all property" and an order "enjoining defendants' principals, officers, agents, and/or employees from further acting in disregard of law or regulation."

QUESTIONS PRESENTED

Plaintiff's amended complaint seeks damages for alleged "wrongful collection" of federal taxes from plaintiff. Plaintiff failed to establish that he properly exhausted administrative remedies. Does the Court have jurisdiction to entertain a suit for damages under these circumstances?

STATEMENT

1. <u>Introduction & background</u>. Plaintiff, Ronald N. Ramashko, filed a complaint on November 10, 2005, and an amended complaint on September 5, 2006.

2. <u>Relief sought in the amended complaint</u>. Plaintiff alleges that agents and employees of the Internal Revenue Service disregarded a laundry list of statutes from the Internal Revenue Code. (Am. Compl. Counts 1-41.) Plaintiff seeks damages in the amount of "$10,000 per disregard." (Am. Compl. Remedy Sought at 1.) Plaintiff also seeks "replevin of any and all property" 1/ and an injunction preventing United States employees from "further acting in disregard of law or regulation."2/ (Am. Compl. Remedy Sought at 2 & 4.)

---

1/ Plaintiff's replevin action is in reality an action seeking a refund of federal taxes. Because plaintiff fails to sufficiently allege that he filed an administrative claim for refund and fully paid the taxes owed, the Court lacks subject matter jurisdiction. *See* 26 U.S.C. § 7422; *United States v. Dalm*, 494 U.S. 596, 601-602 (1990) (a claim for refund is necessary before filing a suit for a tax refund); *Flora v. United States*, 362 U.S. 145, 177 (1960) (payment in full is required before filing a suit for a tax refund).

Alternatively, if the Court treats plaintiff's replevin action as a tort action, the Court still lacks subject matter jurisdiction. *See Mac'Avoy v. The Smithsonian Institution*, 757 F.Supp. 60, 67-68 (D.D.C. 1991) (Hogan). The United States has waived its immunity to permit tort suits under the Federal Tort Claims Act (FTCA) (28 U.S.C. § 2675), and that waiver provides the exclusive remedy for claims of injury or loss of property arising or resulting from the negligent or wrongful acts of Government employees acting within the scope of their employment. *See FDIC v. Meyer*, 510 U.S. 471 (1994). But the FTCA also excludes jurisdiction for claims based upon an act or omission of a Government employee exercising due care in the execution of a statute of regulation and claims in respect of the assessment or collection of any tax. *See* 28 U.S.C. § 2680. A threshold jurisdiction requirement for such a suit is the filing of an administrative claim for damages with the relevant agency. *See McNeil v. United States*, 508 U.S. 106 (1993); *Blakely v. United States,* 276 F.3d 853, 870 (6th Cir. 2002); *Mac'Avoy*, 757 F.Supp. at 67-68. Plaintiff does not sufficiently allege that he filed an administrative claim, thus the Court lacks subject matter jurisdiction over his replevin action.

2/ Such injunctive relief is barred by the Anti-Injunction Act (26 U.S.C. § 7421). *See Foodservice & Lodging Institute, Inc. v. Reagan*, 809 F.2d 842, 844-45 (D.C. Cir. 1987).

1619918.1 -2-

ARGUMENT

I

THE COURT LACKS SUBJECT MATTER JURISDICTION OVER
THE AMENDED COMPLAINT, DUE TO PLAINTIFF'S FAILURE TO EXHAUST
ADMINISTRATIVE REMEDIES PRIOR TO FILING SUIT

Plaintiff seeks under 26 U.S.C. § 7433, as well as other damages. (Am. Compl. generally.) This Court does not have jurisdiction over plaintiff's section 7433 claim because he has failed to demonstrate that he filed a proper administrative claim for damages with the Internal Revenue Service. The party bringing suit must show that the United States has unequivocally waived its sovereign immunity. *McGuirl v. United States*, 360 F.Supp.2d 125, 128 (D.D.C. 2004) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936); *West v. F.A.A.*, 830 F.2d 1044, 1046 (9th Cir. 1987). Section 7433 of the Internal Revenue Code (26 U.S.C.) provides the predicates for the United States' waiver of sovereign immunity with respect to suits for wrongful collection actions. The Court lacks jurisdiction over plaintiff's claim because the predicates of section 7433 have not been met.

Under section 7433(a), prior to bringing a suit in federal district court for damages for the unauthorized collection of taxes, taxpayers must exhaust their administrative remedies. 26 U.S.C. § 7433(a). "A judgment for damages shall not be awarded under [7433] subsection (b) *unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service.*" 26 U.S.C. § 7433(d)(1) (emphasis added).

The Secretary of the Treasury has promulgated regulations governing the administrative claim for damages under section 7433. *See* 26 C.F.R. § 301.7433-1(e). The regulations provide that—

> *An administrative claim for the lesser of $1,000,000 ($100,000 in the case of negligence) or actual, direct economic damages, as defined in paragraph (b) of this section [7433] shall be sent in writing* to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides.

26 C.F.R. § 301.7433-1(e)(1) (emphasis added). The taxpayer must send a written administrative claim for damages to the area director in the district in which the taxpayer lives and include the following: (1) the grounds for the claim; (2) a description of the injuries incurred by the taxpayer; (3) the dollar amount of the claim, including any damages not yet incurred but that are reasonably foreseeable; and (4) the signature of the taxpayer. 26 C.F.R. § 301.7433-1(e)(1) and (2). Failure to comply with this regulation deprives a court of jurisdiction. *See Holt v. Davidson*, 441 F.Supp.2d 92, 96 (D.D.C. 2006) (Urbina); *McGuirl v. United States*, 360 F.Supp.2d at 128; *Venen v. United States*, 38 F.3d 100, 103 (3d Cir. 1994); *Conforte v. United States*, 979 F.2d 1375 (9th Cir. 1992).3/

---

3/    In *Turner v. United States*, 429 F.Supp.2d 149 (D.D.C. 2006), this Court dismissed a similar complaint for failure to state a claim holding that the failure to exhaust administrative remedies was not a jurisdictional defect. The United States understands the Court to have relied upon *Arbaugh v. Y & H Corp.*, 126 S.Ct. 1235 (2006), in reaching its conclusion. In *Arbaugh*, the Supreme Court addressed exhaustion of administrative remedies in the context of two private litigants in a Title VII suit, rather than a suit involving the United States. The United States respectfully asserts that this difference in parties is significant. Neither of the private litigants had any attributes of sovereign immunity. Thus, neither litigant in *Arbaugh* could claim the benefit of the long-recognized

(continued...)

---

3/ (...continued)
general principle that "the United States, as sovereign, 'is immune from suit save as it consents to be sued *** and the terms of its consent to be sued in any court *define that court's jurisdiction* to entertain the suit.'"

*Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) (emphasis added). Thus, when the United States has consented to suit, as it has in 26 U.S.C. § 7433, the terms of that consent define the court's jurisdiction. One of the terms of the consent under section 7433 is that the taxpayer must have exhausted his administrative remedies. And as a term of consent to the waiver of sovereign immunity, the requirement of administrative exhaustion is by definition a part of the "court's jurisdiction to entertain the suit." *Arbaugh* did not deal with the special situation of sovereign immunity because neither party to the lawsuit was a sovereign. *Arbaugh* did not overrule *Nakshian*, because the two cases deal with statutory schemes of relief involving materially different parties.Accordingly, the United States asserts that the failure to state a claim is jurisdictional.

The United States' position is supported by the legislative history of section 7433(d) and its implementing regulations. Both the House Ways and Means Committee Report and the Senate Finance Committee Report for the Taxpayer's Bill of Rights (TBOR) III provide that "no person is entitled to seek civil damages . . . in a court of law unless he first exhausts their administrative remedies," H.R. Rep. 105-356, 105th Cong., 1st Sess. (Oct. 29, 1997); S.R. Rep. 105-174, 105th Cong. 2d Sess. (April 22, 1998). Plainly, Congress intended to make exhaustion a jurisdictional requirement.

The regulations implementing section 7433 provides that no action can be maintained in federal court until after an administrative claim has been denied or 6 months after an administrative claim has been filed. Thus, the implementing regulations makes exhaustion of administrative remedies a prerequisite for filing an action, and thus jurisdictional. It is well settled that a court should ordinarily defer to the regulation if it "implement[s] the congressional mandate in some reasonable manner." *United States v. Correll*, 389 U.S. 299, 307 (1967); *National Muffler Dealers Ass'n v. United States*, 440 U.S. 472, 476 (1979). A regulation carries out the congressional mandate if it "harmonizes with the plain language of the statute, its origin, and its purpose." *National Muffler*, 440 U.S. at 477. And, "the choice among reasonable interpretations is for the commissioner, not the courts." *Id*. This Circuit has recognized that the Commissioner's interpretation of a statute is valid and entitled to deference if it evidences a reasonable interpretation necessary to implement a congressional mandate. *See*, *Boulez v. Comm'r*, 810 F.2d 209 (D.C. Cir. 1987). Since both th the implementing

(continued...)

Here, plaintiff makes an unsupported conclusory statement that he filed a "Verified Administrative Claim for Damages with the Internal Revenue Service, Area 4, Area Director, Baltimore, 31 Hopkins Plaza, Baltimore, MD 21202." (Am. Compl. ¶ IV.) He did not attach a copy of the allegedly filed administrative claim. 4/ Given the circumstances of this case, *i.e.*, that plaintiff did not allege in his original complaint that he filed an administrative claim, his conclusory assertion is inadequate.

Assuming *arguendo* that plaintiff did file an administrative claim, there are still numerous problems with his amended complaint. First, because he failed to attach a copy of the claim, it is unclear as to whether he included the required information. Plaintiff is required to provide the following information: (1) the grounds for the claim; (2) a description of the injuries incurred by the taxpayer; (3) the dollar amount of the claim, including any damages not yet incurred but that are reasonably foreseeable; and (4) the

---

3/  (...continued)
regulations for section 7433 evince a determination that failure to exhaust administrative remedies is jurisdictional, this Court should defer to this interpretation, and dismiss plaintiffs' complaint for lack of subject matter jurisdiction.

Nevertheless, even if the Court determines that exhaustion of administrative remedies is not jurisdictional, the Court should dismiss plaintiffs' complaint for failure to state a claim for which relief can be given, as set forth in *Turner*.

4/  The Court may consider matters outside the pleading without converting the matter to a motion for summary judgment when deciding whether it has subject matter jurisdiction.  C.f. *McGuirl v. United States*, 360 F.Supp.2d 125, 127-28 (D.D.C. 2004) (citing *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F.Supp.2d 9, 13 (D.D.C. 2001); *Herbert v. Nat'l Acad. of Sciences*, 974 F.2d 192, 197 (D.C. Cir. 1992)).

signature of the taxpayer. 26 C.F.R. § 301.7433-1(e)(1) and (2); *c.f. Evans v. United States*, 443 F.Supp.2d 17, 22-23 (D.D.C. 2006) (holding 26 C.F.R. § 301.7433-1 to be a reasonable interpretation entitled to deference); *Lohmann v. United States*, 2006 WL 1826770, *3 (D.D.C. 2006) (same); *Broward v. United States*, 2006 WL 1827733, *3 (D.D.C. 2006) (same); *Ting v. United States*, 2006 WL 1774516, * 2-3 (D.D.C. 2006).

Second, although plaintiff failed to state the date he allegedly filed his administrative claim, it is clear that plaintiff's suit is premature. Taxpayers seeking damages for alleged wrongful collection of federal taxes must file an administrative claim prior to filing suit and must wait 6 months before commencing a suit in district court, unless the Secretary issues a ruling earlier. 26 C.F.R. § 301.7433-1(d). Here, plaintiff filed his original compliant in November 2005 (making clear that he had not filed an administrative claim) and his amended in September 2006. It is clear that plaintiff filed his administrative claim, if at all, *after* he filed suit in district court. Thus, plaintiff's complaint and amended complaint are prematurely filed.

Moreover, plaintiff's premature filing cannot be cured by the passage of time. Plaintiff cannot file suit and then exhaust administrative remedies. *See McNeil v. United States*, 508 U.S. 106, 111 (1993) ("The command that an 'action shall not be instituted ⋯ unless the claimant shall have first presented the claim to the appropriate Federal agency

and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail' is unambiguous.  We are not free to rewrite the statutory text.").5/

Because plaintiff failed to allege that he filed an administrative claim for damages *prior to filing suit*, the Court should dismiss the amended complaint.

### III.

#### THE COURT DOES NOT HAVE JURISDICTION UNDER THE APA, 28 U.S.C. §§ 1331, THE ALL WRITS ACT, OR MANDAMUS FOR PLAINTIFF'S CLAIM FOR DAMAGES

Plaintiff also asserts jurisdiction for his damages claim under the Administrative Procedures Act ("APA"), 28 U.S.C. §§ 1331, the All Writs Act and mandamus.  (*See* Am. Compl. ¶¶ II.A.2.-4., C.1.-3.)  None of these statutes provides jurisdiction over actions concerning the assessment and/or collection of federal taxes.  An action brought under the APA is barred if it concerns the assessment or collection of federal taxes.  *See Murphy v. Internal Revenue* Service, 460 F.3d 79, 82 (D.D.C. 2006), *pet. for rehg en banc on other grounds pending*; *Foodservice and Lodging Institute, Inc. v. Regan*, 809 F.2d 842, 844-845 (D.C. Cir. 1987).  Sovereign immunity is not waived merely because the action may involve a federal question.  *See, e.g., Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983).  Section 1651 of Title 28 does not operate as a waiver of sovereign immunity.  *See Benvenuti v. Dept. of Defense*,

---

5/   Also, plaintiff's failure to state when he allegedly filed his claim for refund raises another ground that the Court does not have jurisdiction over his amended complaint.  It is unclear whether the statute of limitations has expired.  Because taxpayers must file suit within two years of when the "cause of action accrues," the Court would lack jurisdiction if plaintiff failed to file his complaint within the two-year limitations period.  *See* 26 U.S.C. § 6511(a); 26 C.F.R. § 301.7433-1(g).

587 F.Supp. 348 (D.D.C. 1984). Nor does 28 U.S.C. § 1361 operate as a waiver of sovereign immunity on its own.6/ *See, e.g., Washington Legal Foundation v. United States Sentencing Comm'n*, 89 F.3d 897, 901 (D.C. Cir. 1996) (citing other cases). Thus, the Court lacks subject matter jurisdiction and the amended complaint should be dismissed.

Plaintiff has failed to demonstrate a waiver of sovereign immunity thereby establishing the Court's jurisdiction over his section 7433 damages claim. Therefore, the Court should dismiss the amended complaint.

IV.

THE COURT DOES NOT HAVE JURISDICTION
UNDER THE FOIA OR THE PRIVACY ACT
FOR PLAINTIFF'S CLAIM FOR DAMAGES

Plaintiff also appears to assert that the Court has jurisdiction under the Freedom of Information Act ("FOIA") and the Privacy Act. (*See* Am. Compl. ¶¶ II.C.1.b.2-3.)7/ The FOIA provides limited relief to plaintiffs and limited jurisdiction to courts: a Court may "enjoin the agency from withholding agency records and . . . order the production of any

---

6/ Moreover, plaintiff fails to state a claim for which relief may be granted under 28 U.S.C. § 1361. A writ of mandamus may be issued only when plaintiff can show: (1) a clear right to the relief sought; (2) the officer has a clear duty to do the act that the plaintiff requests; and (3) no other adequate remedy is available. *Northern States Power Co. v. Dep't of Energy*, 128 F.3d 754, 758 (D.C. Cir. 1997); *Estate of Michael v. Lullo*, 173 F.3d 503, 512-13 (4th Cir. 1999). Plaintiff clearly does not meet these requirements. For example, plaintiff has an adequate remedy at law. He can bring suit under 26 U.S.C. § 7433, which he has arguably pursued in this suit, to address his allegations of wrongful collection or he can bring suit under 26 U.S.C. § 7422 to address his prayer for a return of all property. In either situation, he first needs to exhaust administrative remedies.

7/ 5 U.S.C. § 552 (FOIA); 5 U.S.C. § 552a (Privacy Act).

1619918.1                                -9-

agency records improperly withheld from the complainant."8/  Courts have explained that the "FOIA merely provides an avenue and a remedy for an individual to seek and obtain records of an administrative agency.  It does not provide a litigant with other [...] remedies against the United States."9/  Neither the FOIA nor the Privacy Act provide for damages for alleged wrongful collection actions.

Additionally, in FOIA and Privacy Act actions, the only proper defendants are federal departments and agencies.10/  Accordingly, the Court lacks personal jurisdiction over the United States and the amended complaint must be dismissed.

---

8/  5 U.S.C. § 552(a)(4)(B); see also 5 U.S.C. § 552a(g)(3(A) (Privacy Act) ("[T]he court may enjoin the agency from withholding the records and order the production to the complainant of any agency records improperly withheld from him.")

9/  *Gasparutti v. United States*, 22 F. Supp. 2d 1114, 1117 (C.D. Cal. 1998).  This conclusion is further supported by the principle of sovereign immunity.  "[T]he United States, as sovereign, 'is immune from suit save as it consents to be sued *** and the terms of its consent to be sued in any court *define that court's jurisdiction* to entertain the suit.'"  *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) (emphasis added).  In the case of FOIA and Privacy Act suits, Congress authorized suit against an *agency* and only provided for a limited form of relief.

10/  5 U.S.C. §552(f); 5 U.S.C. §552a(g)(1)(B); *Thompson v. Walbran*, 990 F.2d 403, 405 (8th Cir. 1993) (citing *Sherwood Van Lines v. United States Dep't of Navy*, 732 F.Supp. 240, 241 (D.DC. 1990)).

CONCLUSION

Because the Court lacks jurisdiction over his amended complaint, the amended complaint should be dismissed.

DATED: October 27, 2006.                    Respectfully submitted,


                                            /s/ Pat S. Genis
                                            PAT S. GENIS, #446244
                                            Trial Attorney, Tax Division
                                            U.S. Department of Justice
                                            P.O. Box 227
                                            Washington, DC 20044
                                            Phone/Fax: (202) 307-6390/514-6866
                                            Email: pat.genis@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing UNITED STATES' MOTION TO DISMISS AMENDED COMPLAINT, supporting MEMORANDUM, and proposed ORDER were served upon plaintiff *pro se* on the October 27, 2006 by depositing a copy in the United States' mail, postage prepaid, addressed as follows:

>Ronald N. Romashko
>Plaintiff *pro se*
>14B Hillsboro Drive
>P.O. Box 506
>Arden, NC 28704

>/s/ Pat S. Genis
>PAT S. GENIS, #446244