UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| Ronald N Romashko, | ) |
| , | ) 1:05-cv-02209 (CKK) |
| | ) |
| Plaintiff(s) | ) PLAINTIFF'S RESPONSE TO DOCKET |
| | ) #21 |
| vs, | ) |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Defendants | ) |

RECEIVED
NOV 27 2006
WHITTINGTON, CLERK
DISTRICT COURT

Plaintiff(s), Ronald N Romashko, respond(s) to Docket entry no. 21. In Counsel's brief, (Docket No. 21), Counsel continues to assert that failure to exhaust administrative remedies under 26 U.S.C. § 7433 deprives this Court of subject-matter jurisdiction. Counsel poses his/her failed argument in the teeth of the Court's decisions, in *Martin v. US* (D.D.C. 1:05-cv-02506), *Lindsey v US (D.D.C. 1:05-cv-01761)*, that administrative exhaustion is not a prerequisite to filing a damages claim under 7433.

Counsel's argument over the, now settled, issue of subject matter jurisdiction is ungrounded and unpersuasive.

Next, Counsel attempts to argue that plaintiff's complaint fails to state a claim under Fed.R.Civ.P. 12(b)(6). Inasmuch as exhaustion of administrative exhaustion is not a prerequisite to filing a damages claim under 7433 it is also not an element of the claim. Therefore, failure to allege that an administrative claim has been made does not rise to the level of failure to state a claim.

1. Counsel asserts Plaintiff does not specify the type of tax at issue.

Plaintiff asserts that the type of tax at issue is irrelevant. Disregards of the IRC are

actionable under §7433 without restriction to any particular type of tax. Indeed, the underlying premise upon which Counsel's presumption that the particular type of tax at issue could possibly be relevant would necessarily lead to categories of tax identified as those in which disregards of the IRC are allowed versus those in which disregards of the IRC is not allowed. This, of course, is absurd, and Counsel's attempt to create a material issue where none exists, thus fails.

2. Counsel falsely asserts that Plaintiff does not specify the "tax years" at issue. However, Plaintiff's complaint addresses the issue by indicating which years the Plaintiff is complaining of no less than thirty (30) times. Counsel's intentional mischaracterization of the Plaintiff's complaint, when weighed against the thirty (30) instances in which the years in question have been addressed, must be construed as intentionally misleading.

3. Counsel next attempts to assert that the instant damages claim is deficient due to Plaintiff's failure to specify "the amount in dispute". The instant action is not a refund claim. Being a damages claim, no "amount in dispute" is asserted. However, an amount may, at a later juncture, be determined by the Court as an award for damages.

4. Finally, Counsel falsely and blatantly asserts that the Plaintiff does not specify the specific acts and/or omissions that would entitle him to relief under 26 U.S.C. § 7433. Plaintiff has alleged twenty-nine counts of specific acts and, or omissions which entitle him to relief under 26 U.S.C. § 7433.

Counsel has failed to support any of his/her four (4) points of contention with evidence or fact. The points raised by Counsel (even if proven and, or supported by evidence, which Counsel has failed to do in this instance) are irrelevant to the instant damages action, not required by the Rules, and do not substantially support defendant's motion to dismiss.

Plaintiff(s) have/has stated grounds in his/her/their complaint to put defendants on notice as to the nature of his/her/their claim sufficient to withstand Defendant's motion to dismiss.

Further, to the extent that Counsel desires more specificity than Fed. R. Civ. P. 8 requires, Plaintiff will provide, through discovery, detailed and compelling evidence.

Date: November 25, 2006

Respectfully submitted,

*Ronald N Romashko*
Ronald N Romashko

### CERTIFICATE OF SERVICE

I certify that on the above date a true, correct, and complete copy of the foregoing was served upon Counsel for defendant, addressed as follows:

Pat S. Genis
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044

Date: November 25, 2006

*Ronald N Romashko*
Ronald N Romashko