

# Management Advisory Report: No Violations of the Fair Debt Collection Practices Act Resulted in Administrative or Civil Actions (Fiscal Year 2001)

## July 2001

## Reference Number: 2001-10-081

This report has cleared the Treasury Inspector General for Tax Administration disclosure review process and information determined to be restricted from public release has been redacted from this document.

July 24, 2001

**MEMORANDUM FOR DEPUTY COMMISSIONER CHIEF COUNSEL**

FROM: Pamela J. Gardiner /s/ Pamela J. Gardiner

Deputy Inspector General for Audit

SUBJECT: Final Management Advisory Report - No Violations of the Fair Debt Collection Practices Act Resulted in Administrative or Civil Actions (Fiscal Year 2001)

This report presents the results of our Fiscal Year 2001 Fair Debt Collection Practices Act (FDCPA) review. In summary, we found no violations of the FDCPA reported by Internal Revenue Service (IRS) management that resulted in an administrative action against an employee. Additionally, there were no civil actions that resulted in the IRS paying monetary settlements to taxpayers because of an FDCPA violation.

IRS management agreed with the observations in the draft report. The full text of their comments is included as an appendix.

Copies of this report are also being sent to the IRS managers who are affected by the report. Please contact me at (202) 622-6510 if you have any questions or Maurice S. Moody, Assistant Inspector General for Audit (Headquarters Operations and Exempt Organizations Programs), at (202) 622-8500.

# Table of Contents

Executive Summary

Objective and Scope

Background

Results

    No Fair Debt Collection Practices Act Violations Resulted in Administrative Action

    No Civil Actions Coded as Fair Debt Collection Practices Act Violations Were Closed During Our Audit Period

Conclusion

Appendix I – Detailed Objective, Scope, and Methodology

Appendix II – Major Contributors to This Report

Appendix III – Report Distribution List

Appendix IV – Management's Response to the Draft Report

## Executive Summary

The Fair Debt Collection Practices Act (FDCPA) includes provisions that restrict various collection abuses and harassment in the private sector that did not apply to the United States (U.S.) Government at the time the FDCPA was enacted. However, the Internal Revenue Service (IRS) Restructuring and Reform Act of 1998 (RRA 98) requires the IRS to comply with certain provisions of the FDCPA and to be at least as considerate to taxpayers as private creditors are required to be with their customers. In addition, taxpayers who believe their FDCPA rights were violated can file a civil action against the U.S. Government under the Civil Damages for Certain Unauthorized Collection Actions statute.

Section 1102 (d)(1)(G) of the RRA 98 requires the Treasury Inspector General for Tax Administration (TIGTA) to include in one of its semiannual reports to the Congress information regarding any administrative or civil actions related to FDCPA violations. The semiannual report must provide a summary of such taxpayer actions and include any judgments or awards granted. Accordingly, the

objective of this review was to obtain information on IRS administrative and civil actions resulting from violations of the FDCPA by IRS employees. The TIGTA reviewed cases coded as FDCPA violations on IRS computer systems opened after July 22, 1998, and closed during the period April 1 through December 31, 2000.

## Results

Based on a review of information coded as potential FDCPA violations on the IRS' computer systems, there were no violations that resulted in the IRS taking an administrative action against an employee. In addition, the IRS did not have any closed civil actions involving FDCPA violations. Accordingly, the IRS did not pay any money to taxpayers for civil actions resulting from FDCPA violations.

### No Fair Debt Collection Practices Act Violations Resulted in Administrative Action

To determine if any FDCPA violations resulted in an administrative action, the TIGTA reviewed cases coded as FDCPA violations on the Automated Labor and Employee Relations Tracking System. Review of all 28 cases coded as FDCPA during the audit period did not identify any FDCPA violations that resulted in an administrative action being taken against an IRS employee. These 28 cases were either miscoded as FDCPA violations (19) or closed without administrative action (9).

### No Civil Actions Coded as Fair Debt Collection Practices Act Violations Were Closed During Our Audit Period

Civil actions filed by taxpayers against the IRS are input to the Counsel Automated System Environment (CASE) for tracking. During the audit period, the CASE did not contain any closed civil actions coded as FDCPA. As a result, the IRS did not pay any money to taxpayers for civil actions resulting from FDCPA violations during the period of this review.

Case information from the Department of Justice's (DOJ) Tax Division was obtained to better ensure civil actions involving FDCPA violations were captured on the CASE. Because the DOJ does not track FDCPA violations separately, the TIGTA reviewed the cases filed under Civil Damages for Certain Unauthorized Collection Actions, which allows taxpayers to sue the IRS for violations of the Internal Revenue Code related to collection actions. Seven cases were opened on or after July 22, 1998, and closed during the period April 1 through December 31, 2000. None of the seven cases involved FDCPA violations.

Management's Response: IRS management agreed with the observations in the draft report. Management's complete response to the draft report is included as Appendix IV.

## Objective and Scope

The objective of this review was to obtain information on Internal Revenue Service (IRS) administrative and civil actions resulting from violations of the Fair Debt Collection Practices Act (FDCPA) by IRS employees. Fieldwork was performed in the Strategic Human Resources, Agency-Wide Shared Services, and Chief Counsel functions in the National Headquarters during the period February to March 2001. This review was performed in accordance with the President's Council on Integrity and Efficiency's *Quality Standards for Inspections*.

For this Fiscal Year (FY) 2001 review, closed cases from the Automated Labor and Employee Relations Tracking System (ALERTS) and the Counsel Automated System Environment (CASE) were analyzed to identify violations of the FDCPA. However, the Treasury Inspector General for Tax Administration (TIGTA) cannot ensure that cases recorded on the ALERTS encompass all potential FDCPA violations. As stated in a FY 2000 report on the FDCPA, data captured on the ALERTS related to potential FDCPA violations may not be complete and accurate. During this FY 2001 review, the TIGTA did not determine the accuracy or consistency of disciplinary actions taken against employees for potential FDCPA violations.

Details of our objective, scope, and methodology are presented in Appendix I. Major contributors to this report are listed in Appendix II.

## Background

Section 1102 (d)(1)(G) of the IRS Restructuring and Reform Act of 1998 (RRA 98) requires the TIGTA to include in one of its semiannual reports to the Congress information regarding any administrative or civil actions related to FDCPA violations. The semiannual report must provide a summary of such taxpayer actions and include any judgments or awards granted.

The IRS' definition of administrative action includes disciplinary actions ranging from admonishment through removal. Lesser actions, such as oral or written counseling, are not considered administrative actions. The IRS' definition of administrative actions was used when determining the number of FDCPA violations to be reported to the Congress.

The FDCPA includes provisions that restrict various collection abuses and harassment in the private sector that did not apply to the federal government at the time the FDCPA was enacted. The RRA 98 requires the IRS to comply with certain provisions of the FDCPA and to be at least as considerate to taxpayers as private creditors are required to be with their customers. Specifically, the IRS may not communicate with taxpayers in connection with the collection of any unpaid tax:

- At unusual or inconvenient times.
- If the IRS knows that the taxpayer has obtained representation from a person authorized to practice before the IRS, and the IRS knows or can easily obtain the representative's name and address.
- At the taxpayer's place of employment, if the IRS knows or has reason to know that such

communication is prohibited.

Further, the IRS may not harass, oppress, or abuse any person in connection with any tax collection activity or engage in any activity that would naturally lead to harassment, oppression, or abuse. Such conduct specifically includes (but is not limited to) the use or threat of violence or harm, use of obscene or profane language, causing a telephone to ring continuously with harassing intent, and the placement of telephone calls without meaningful disclosure of the caller's identity.

If taxpayers believe the IRS has violated their FDCPA rights, they may file an administrative claim for damages with the applicable IRS executive for the location where the taxpayer resides or file for civil damages in a federal district court.

Taxpayer complaints about IRS employees' conduct can be reported to several IRS functions for tracking on management information systems. If a taxpayer files a civil action or if IRS management determines that the taxpayer's FDCPA rights were potentially violated, the complaint could be referred and tracked on one or both of the following IRS systems:

- Office of Workforce Relations' ALERTS, which generally tracks employee behavior that may warrant IRS management administrative actions.
- Chief Counsel's CASE, which is an inventory control system that tracks items such as taxpayer civil actions or bankruptcies.

The IRS implemented FDCPA codes on the ALERTS in March 1999 and on the CASE in June 1999.

## Results

Based upon a review of information coded as potential FDCPA violations on the IRS' computer systems, there were no violations that resulted in the IRS taking an administrative action against an employee for the period April 1 through December 31, 2000. In addition, the IRS did not have any closed civil actions involving FDCPA violations for this period. Accordingly, the IRS did not pay any money to taxpayers for civil actions resulting from FDCPA violations.

### No Fair Debt Collection Practices Act Violations Resulted in Administrative Action

IRS managers investigate a taxpayer complaint against an employee and coordinate with the local Labor Relations office to determine the appropriate level of disciplinary action. If the misconduct requires an administrative action, managers refer the complaint to the local Labor Relations office, which tracks it on the ALERTS. The following categories were established on the ALERTS to track potential FDCPA violations:

- Contact with a taxpayer at an unusual location or time

- Direct contact with a taxpayer without the consent of the taxpayer's representative.
- Contact with a taxpayer at his or her place of employment when prohibited.
- Conduct which is intended to harass or abuse a taxpayer.
- Use of obscene or profane language toward a taxpayer.
- Continuous telephone calls to a taxpayer with the intent to harass.
- Telephone calls to a taxpayer without meaningful disclosure of the employee's identity.

To determine if any FDCPA violations resulted in an administrative action, the TIGTA reviewed cases from the ALERTS coded as potential FDCPA violations that were opened after July 22, 1998, and closed during the period April 1 through December 31, 2000. Review of all 28 cases coded as FDCPA violations did not identify any FDCPA violations that resulted in an administrative action being taken against an employee.

Nineteen of the 28 cases reviewed from the ALERTS were incorrectly coded as FDCPA violations. The other nine cases were closed without administrative action. The TIGTA previously identified miscoding of FDCPA cases on the ALERTS and made a recommendation to address this issue in a FY 2000 report on the FDCPA. IRS management agreed to take corrective actions to better ensure FDCPA violations are properly identified and reported.

## No Civil Actions Coded as Fair Debt Collection Practices Act Violations Were Closed During Our Audit Period

Civil actions filed by taxpayers against the IRS are input to the CASE database by District Counsel, who are responsible for coding the case with the appropriate category code.

For cases opened after July 22, 1998, and closed during the period April 1 through December 31, 2000, the CASE did not include any closed civil actions coded as FDCPA. Accordingly, the IRS did not pay any money to taxpayers for civil actions resulting from FDCPA violations during the period of this review.

Case information from the Department of Justice's (DOJ) Tax Division was obtained to better ensure civil actions involving FDCPA violations were captured on the CASE. Because the DOJ does not track FDCPA violations separately, the TIGTA reviewed the cases filed under Civil Damages for Certain Unauthorized Collection Actions, which allows taxpayers to sue the IRS for violations of the Internal Revenue Code related to collection actions. Seven cases were initiated on or after July 22, 1998, and closed during the period April 1 through December 31, 2000. None of the seven cases involved FDCPA violations.

Management's Response: IRS management in the Office of the Chief Counsel and the Workforce Relations Division in Strategic Human Resources considered the report to be accurate and complete and were in agreement with its findings.

## Conclusion

Based upon a review of information coded as potential FDCPA violations on the IRS' computer systems, there were no violations that resulted in the IRS taking an administrative action against an employee for the period April 1 through December 31, 2000. In addition, the IRS did not have any closed civil actions involving FDCPA violations for this period. Accordingly, the IRS did not pay any money to taxpayers for civil actions resulting from FDCPA violations.

**Appendix I**

Detailed Objective, Scope, and Methodology

The objective of this review was to obtain information on Internal Revenue Service (IRS) administrative and civil actions resulting from violations of the Fair Debt Collection Practices Act (FDCPA) by IRS employees. Specifically, we:

I. Determined the number of FDCPA violations resulting in administrative actions.
   A. Obtained a computer extract from the Automated Labor and Employee Relations Tracking System (ALERTS) of 28 cases that were opened after July 22, 1998, and closed during the period April 1 through December 31, 2000, coded as FDCPA violations.
      1. Analyzed available ALERTS information to ensure the cases were accurately coded as FDCPA violations.
      2. Obtained additional case file information from the local Labor Relations offices to determine if cases were coded accurately as FDCPA violations.
   B. Determined if any cases involving FDCPA violations resulted in an administrative action.
      1. Reviewed the final disposition code for the cases involving FDCPA violations.
      2. Determined if any cases resulted in a minimum disciplinary action of admonishment.
      3. Reviewed case file information from the local Labor Relations offices, if necessary, to determine if the violations occurred after July 22, 1998.
II. Determined if there were any IRS civil actions (judgments and awards granted) resulting from violations of the FDCPA.
   A. Requested a computer extract from the Counsel Automated System Environment (CASE) for Subcategory 511 (established to track FDCPA violations) cases opened after July 22, 1998, and closed during the period April 1 through December 31, 2000. (Note: No cases met our criteria for review.)
   B. Requested copies from the Department of Justice's Tax Division of any complaints opened on or after July 22, 1998, involving any Internal Revenue Code § 7433 civil action and closed during the period April 1 through December 31, 2000.

**Appendix II**

## Major Contributors to This Report

Maurice S. Moody, Assistant Inspector General for Audit (Headquarters Operations and Exempt Organizations Programs)

Nancy A. Nakamura, Director

Jeffrey M. Jones, Audit Manager

Mark Judson, Senior Auditor

Margaret A. Anketell, Auditor

**Appendix III**

## Report Distribution List

Commissioner N:C

Chief, Agency-Wide Shared Services A

Associate Chief Counsel (Procedure and Administration) CC:P&A

Director, Office of Workforce Relations N:ADC:H:R

Director, Personnel Services A:PS

Director, Strategic Human Resources N:ADC:H

Chief Counsel CC

Director, Legislative Affairs CL:LA

Director, Office of Program Evaluation and Risk Analysis N:ADC:R:O

National Taxpayer Advocate TA

Office of Management Controls N:CFO:F:M

Audit Liaisons:

Chief, Agency-Wide Shared Services A

Chief Counsel CC

Associate Chief Counsel (Procedure and Administration) CC:P&A

Director, Office of Workforce Relations N:ADC:H:R

Director, Strategic Human Resources N:ADC:H

# Appendix IV

## Management's Response to the Draft Report

The response was removed due to its size. To see the response, please go to the Adobe PDF version of the report on the TIGTA Public Web Page.