# Improvements Are Needed in the Chief Counsel's Management Information System to Better Protect Taxpayer Privacy and Rights

## May 2000

## Reference Number: 2000-40-071

**This report has cleared the Treasury Inspector General for Tax Administration disclosure review process and information determined to be restricted from public release has been redacted from this document.**

May 23, 2000

MEMORANDUM FOR COMMISSIONER ROSSOTTI

FROM: (for) Pamela J. Gardiner /s/ Margaret E. Begg

Deputy Inspector General for Audit

SUBJECT: Final Audit Report - Improvements Are Needed in the Chief Counsel's Management Information System to Better Protect Taxpayer Privacy and Rights

This report presents the results of our review of the effectiveness of the Internal Revenue Service's (IRS) controls over civil suits against the Government. We focused on civil suits which taxpayers can file involving the IRS. In summary, we found Chief Counsel's management information system adequate to control the inventory of civil cases. However, we believe that the result of the cases and the damage amounts, if any, need to be captured in the Chief Counsel's management information system to allow systemic improvements that could prevent future violations of taxpayer privacy and rights.

As a result of this review, we recommend that the results of the cases and the damage amounts, if any, need to be captured in the management information system. In addition, a formal process should be established to refer lost and settled cases to either Treasury

Improvements Are Needed in the Chief Counsel's Management Information System to Better Protect Taxpayer Privacy and Rights

Case 1:05-cv-02209-CKK    Document 23-8    Filed 02/22/2007    Page 2 of 11

Inspector General for Tax Administration for possible criminal investigation and/or IRS functional management for review of IRS policy and procedures to determine if any changes are necessary to protect taxpayer privacy and rights.

IRS management generally agreed with these recommendations for the need in improvements in Chief Counsel's management information system. Management's comments have been incorporated into the report where appropriate, and the full text of their comments is included as an appendix.

Copies of this report are also being sent to the IRS managers who are affected by the report recommendations. Please contact me at (202) 622-6510 if you have questions, or your staff may call Walter E. Arrison, Associate Inspector General for Audit, (Wage and Investment Income Programs), at (770) 986-5720.

## Table of Contents

Executive Summary

Objective and Scope

Background

Results

    The Chief Counsel's Management Information System Needs to Capture Additional Data Elements

Conclusion

Appendix I – Detailed Objective, Scope, and Methodology

Appendix II – Major Contributors to This Report

Appendix III – Report Distribution List

Appendix IV – Additional Information Regarding Civil Cases

Appendix V – Management's Response to the Draft Report

Improvements Are Needed in the Chief Counsel's Management Information System to Better Protect Taxpayer Privacy and Rights

Case 1:05-cv-02209-CKK    Document 23-8    Filed 02/22/2007    Page 3 of 11

# Executive Summary

There are several matters in which a taxpayer can file a civil complaint against the Internal Revenue Service (IRS). These include violations of the Privacy Act and a Freedom of Information Act appeal. In addition, certain sections of the Internal Revenue Code (I.R.C.) allow taxpayers to file civil complaints for damages against the United States Government for conduct or lack of conduct on the part of IRS personnel.

The IRS Restructuring and Reform Act of 1998 (RRA 98) placed emphasis on policies and procedures protecting taxpayer privacy and rights. Therefore, the IRS needs to be aware of how current policy and procedure affect taxpayer confidentiality.

The overall objective of this review was to determine the effectiveness of the IRS' controls over civil suits against the Government. We focused on civil suits which taxpayers can file involving the IRS. See Appendix IV for additional information regarding the types of civil complaints that can be filed involving the IRS.

# Results

The Office of the Chief Counsel uses a fully integrated, nationwide management information system to control and monitor its workload. Various data elements are captured within the management information system, allowing for case and issue tracking. Additionally, the system is regularly updated to reflect the status of and the amount of time that was charged to the case. There were approximately 46,000 civil cases closed in the Office of the Chief Counsel management information system during the period January 1, 1998, through September 30, 1999. We found the IRS Office of the Chief Counsel management information system adequate to control the inventory of civil cases. However, we believe that additional data elements need to be captured to allow systemic improvements that could prevent future violations of taxpayer privacy and rights.

# The Chief Counsel's Management Information System Needs to Capture Additional Data Elements

The Office of the Chief Counsel is not consistently capturing the necessary elements in its management information system to ensure the IRS takes appropriate action to protect future taxpayer privacy and rights. The results of the cases and damage amounts, if any, need to be captured to allow the IRS to assess policies and procedures which protect taxpayer confidentiality and ensure equitable treatment of taxpayers.

The Office of the Chief Counsel officials indicated that case disposition is not always captured in the management information system because there is no regulation or policy which requires this type of information, and they do not have a use for this data. Additionally, the Department of Justice (DOJ)

Improvements Are Needed in IRS Chief Counsel Management Information Systems to Better Protect Taxpayer Privacy and Rights

represents the Government for the cases alleging violation of the I.R.C., and the Office of the Chief Counsel is not always informed of the outcome of these cases. When received in the Office of the Chief Counsel, I.R.C. §7431 complaints are forwarded to the Treasury Inspector General for Tax Administration (TIGTA) for research on any open investigation on employees cited in the complaint. However, no further referrals are made to the TIGTA after the cases are closed for possible criminal investigation. The Office of the Chief Counsel also works with IRS management to obtain necessary information to develop a defense strategy. However, no formal process is in place for cases that are lost or settled, to ensure the IRS reviews and makes the appropriate changes to established policies and procedures. We believe the IRS needs to be aware of all outcomes for these cases and damage amounts, if any, need to be captured in the Office of the Chief Counsel's management information system. The lost and settled cases need to be analyzed to determine if systemic improvements are needed to better protect future taxpayer privacy and rights.

## Summary of Recommendations

The IRS Office of the Chief Counsel should obtain from the DOJ all results of civil cases involving IRS employees and capture results in the management information system. The lost and settled cases should be referred to the TIGTA for possible criminal investigation and/or IRS functional management for review of IRS policy and procedures to determine if any systemic changes are necessary to protect taxpayer privacy and rights.

Management's Response: The Chief Counsel will modify the management information system to provide additional fields for entry of information regarding the ultimate outcome in all the various types of cases and adopt formal procedures requiring personnel to request information regarding case outcomes. Further, the Chief Counsel will adopt formal procedures requiring the appropriate IRS functional management to be notified of the outcome of every case.

In addition, Chief Counsel attorneys will notify IRS functional management of Treasury Department standards governing referrals to TIGTA and provide a recommendation, if appropriate.

## Objective and Scope

The overall objective of this review was to determine the effectiveness of the Internal Revenue Service's (IRS) controls over civil suits against the Government. We focused on civil suits which taxpayers can file involving the IRS.

The audit was performed because the Senate Finance Committee had concerns regarding the process of controlling and monitoring these cases. As a result, the Treasury Inspector General for Tax Administration (TIGTA) initiated this review. The audit work was conducted during the period September 1999 through November 1999, at the IRS Chief Counsel offices in Washington, DC. The audit work was performed in accordance with *Government Auditing Standards*.

Improvements Are Needed in the Chief Counsel's Management Information System to Better Protect Taxpayer Privacy and Rights

Case 1:05-cv-02269-CKK   Document 23-8   Filed 02/22/2007   Page 5 of 11

Details of our audit objective, scope, and methodology are presented in Appendix I. Major contributors to this report are listed in Appendix II.

# Background

There are several matters in which a taxpayer can file a civil complaint against the IRS. These include violations of the Privacy Act and a Freedom of Information Act appeal. In addition, certain sections of the Internal Revenue Code (I.R.C.) allow taxpayers to file civil complaints for damages against the Government for conduct or lack of conduct on the part of IRS personnel. (See Appendix IV for additional information regarding the types of civil complaints that can be filed involving the IRS.)

The IRS Restructuring and Reform Act of 1998 (RRA 98) placed emphasis on policies and procedures protecting taxpayer privacy and rights. RRA 98 §3802 requires the Joint Committee on Taxation to conduct a study on provisions regarding taxpayer confidentiality. The study is to include an examination of present-law protections of taxpayer privacy.

The Office of the Chief Counsel's responsibility differs depending upon the reason for the complaint. The Office of the Chief Counsel is responsible for presenting and defending the Government's position for Tax Court cases. However, the Department of Justice (DOJ) is responsible for defending the other civil cases involving the IRS, including all actions alleging violation of the I.R.C. For these cases, the Office of the Chief Counsel is responsible only for providing assistance to the DOJ on possible defense strategies.

# Results

The Office of the Chief Counsel uses a fully integrated, nationwide management information system to control and monitor its workload. This system automates the full range of litigation, technical rulings, and administrative management functions of the Office of the Chief Counsel.

Various data elements are captured within the management information system, allowing for case and issue tracking. Additionally, the system is regularly updated to reflect the status of and the amount of time that was charged to the case.

There were approximately 46,000 civil cases closed in the Office of the Chief Counsel's management information system during the period January 1, 1998, through September 30, 1999. We found the IRS Office of the Chief Counsel's management information system adequate to control the inventory of civil cases. However, we believe that additional data elements need to be captured identifying the results of these cases. Trend analyses could be performed allowing the IRS to assess operations to determine if policies and procedures are effectively protecting taxpayer privacy and rights.

## The Chief Counsel's Management Information System Needs to Capture Additional Data

## Elements

The Office of the Chief Counsel is not consistently capturing the necessary elements in its management information system to ensure the IRS takes appropriate action to protect future taxpayer rights. The results of the cases and damage amounts, if any, need to be captured to allow the IRS to assess policies and procedures which protect taxpayer confidentiality and ensure equitable treatment of taxpayers.

When a complaint is received by the Office of the Chief Counsel, various data elements are entered into the management information system, including the name of the case, an opening date, and the type of case. When the case is completed, a closed date is entered and the status is changed to closed. In some instances, an explanation of the outcome of the case (i.e., the case was dismissed, won, settled, or lost) is also entered. However, this is not a requirement, nor is it consistently captured.

The Office of the Chief Counsel officials indicated that closed case disposition is not always captured in the management information system because there is no regulation or policy which requires this type of information, and they do not have a use for this data. Additionally, the DOJ represents the Government for the cases alleging violation of the I.R.C., and the Office of the Chief Counsel is not always informed of the outcome of these cases.

I.R.C. §7431, Improper Disclosure of Returns and Return Information, states that a person may sue for civil damages if any officer or employee of the United States knowingly, or by reason of negligence, inspects or discloses any tax return or tax return information with respect to the taxpayer in violation of any provision of I.R.C. §6103.

When received in the Office of the Chief Counsel, I.R.C. §7431 complaints are forwarded to the TIGTA for research on any open investigations on employees cited in the complaint. However, no further referrals are made to the TIGTA after the cases are closed, for possible criminal investigation.

In cases which are lost or settled, the potential exists that an IRS employee has performed a criminal violation. Therefore, once a case is closed, the lost or settled cases should be referred to the TIGTA for possible investigation.

Additionally, the Office of the Chief Counsel works with IRS management to obtain necessary information to develop a defense strategy. However, no formal process is in place for cases that are lost or settled, to ensure the IRS reviews and makes the appropriate changes to established policies and procedures.

For example, one I.R.C. §7431 complaint against the IRS was settled for improper access to the taxpayer's information and disclosure of the tax return information to a third party. The settlement resulted in the taxpayer receiving over $41,000 for damages and fees. We did not find any indications that this case was subsequently reviewed after it was settled to determine if systemic changes were needed in IRS policies or procedures.

Improvements Are Needed in the Chief Counsel's Management Information System to Better Protect Taxpayer Privacy and Rights

Case 1:05-cv-02209-CKK    Document 23-8    Filed 02/22/2007    Page 7 of 11

The passing of the RRA 98 placed emphasis on policies and procedures protecting taxpayer privacy and rights. We believe the IRS needs to be aware of all outcomes for civil complaints involving IRS employees. The lost and settled cases would be analyzed to determine the appropriate course of action to prevent future violations of taxpayer privacy and rights.

### Recommendations

1. The Office of the Chief Counsel should obtain all results of civil cases involving IRS employees from the DOJ. The results of all cases should be captured in the Office of the Chief Counsel's management information system to allow for the ready identification of any lost or settled cases.

   Management's Response: The Chief Counsel will modify the management information system to provide additional fields for entry of information regarding the ultimate outcome in all the various types of cases discussed in the report. However, the IRS and the Office of Chief Counsel are in the midst of a massive organizational restructuring as well as a major effort to upgrade our basic technology infrastructure. Computer programming efforts that are directly related to the current tax-filing season, to implementation of new tax laws, and to these major modernization efforts must be given priority over all other projects.

   The Chief Counsel will adopt formal procedures requiring personnel who are responsible for monitoring these cases to request information regarding case outcomes. While this practice has been followed informally in some offices, the Chief Counsel agrees it should be required uniformly.

2. The Office of the Chief Counsel should establish a formal process to refer lost and settled cases either to the TIGTA for criminal investigation and/or IRS functional management for review of IRS policy and procedures to determine if any systemic changes are necessary to protect taxpayer privacy and rights.

Management's Response: The Chief Counsel will adopt formal procedures requiring the appropriate IRS functional management be notified of the outcome of every case of this type including cases that the government wins or settles on a favorable basis as well as those that result in a loss or settlement adverse to the government's position.

In addition, Chief Counsel attorneys will be instructed also to advise management of the Treasury Department standards governing referrals to TIGTA at the time IRS functional management is informed of the results of the case, and provide a recommendation as to whether such a referral is appropriate in light of the outcome of the case.

## Conclusion

Improvements Are Needed in the Chief Counsel's Management Information System to Better Protect Taxpayer Privacy and Rights

Case 1:05-cv-02209-CKK    Document 23-8    Filed 02/22/2007    Page 8 of 11

We found the Office of the Chief Counsel's management information system adequate to control the inventory of civil cases. However, we believe that the results of the cases and the damage amounts, if any, need to be captured in the management information system. Additionally, a formal process should be established to refer lost and settled cases to either TIGTA for possible criminal investigation and/or IRS functional management for review of IRS policy and procedures to determine if any systemic changes are necessary to protect taxpayer privacy and rights.

## Appendix I

Detailed Objective, Scope, and Methodology

The overall objective of this review was to determine the effectiveness of the Internal Revenue Service's (IRS) controls over civil suits against the Government. We focused on civil suits which taxpayers can file involving the IRS. To accomplish our objective, we:

I. Assessed the process for controlling and monitoring settlement cases and identified any lack of controls and/or control weaknesses.

   A. Identified all possible civil cases that could be filed against the Government involving the IRS. Identified approximately 46,000 civil cases closed during the period January 1, 1998, through September 30, 1999.
   B. Identified and reviewed the IRS policies and procedures regarding these cases and determined how settlement cases are processed.
   C. Reviewed seven Internal Revenue Code (I.R.C.) §7431 case files which were included on the Department of Justice's (DOJ) list of settlement cases for the period of January 1, 1998, through August 31, 1999, and determined whether appropriate documentation existed to identify case disposition.
   D. Interviewed Office of the Chief Counsel employees and identified the process used to track and monitor civil cases taxpayers filed involving the IRS.

I. Evaluated the IRS management information system used to control civil cases involving settlements against the IRS for accuracy, completeness, and usefulness.

   A. Reviewed input sheets and documentation regarding database categories for the Office of the Chief Counsel's management information system and determined the type of information that was maintained.
   B. Obtained from the DOJ a report of cases involving settlements for the period January 1,1998, through August 31,1999, and compared to information obtained from the Office of Chief Counsel management information system and determined whether it was complete.
   C. Traced the seven I.R.C. §7431 cases listed on the DOJ's list of settlement cases the IRS case files and determined the accuracy of the IRS records.

   D. Interviewed Office of Chief Counsel employees and determined the process for entering data into the management information system, uses of the system, and the type of information maintained.

## Appendix II

## Major Contributors to This Report

Walter E. Arrison, Associate Inspector General for Audit (Wage and Investment Income Programs)

Michael Phillips, Director

Debbie Gregory, Audit Manager

Patricia Lee, Audit Manager

Kent Johnson, Senior Auditor

Frank Jones, Senior Auditor

John O'Rourke, Senior Auditor

Thomas Dori, Auditor

Bobbie Draudt, Auditor

Peter Stoughton, Auditor

## Appendix III

## Report Distribution List

Deputy Commissioner Operations C:DO

Office of the Chief Counsel CC

Assistant Chief Counsel (Disclosure Litigation) CC:EL:D

Assistant Chief Counsel (General Litigation) CC:EL:GL

Improvements Are Needed in the Chief Counsel Management Information System to Be Used in Behalf of the Taxpayer Privacy and Rights

Case 1:05-cv-02209-CKK    Document 23-8    Filed 02/22/2007    Page 10 of 11

National Director for Legislative Affairs CL:LA

Office of Management Controls M:CFO:A:M

Director, Office of Program Evaluation and Risk Analysis M:O

Office of the National Taxpayer Advocate C:TA

## Appendix IV

Additional Information Regarding Civil Cases

There are several matters in which a taxpayer can file a civil complaint that involves the Internal Revenue Service (IRS). These include violations of the following:

- Privacy Act. The Privacy Act not only allows individuals to obtain their own records, it also gives the individual the right to correct, amend, or delete information that is inaccurate, irrelevant, outdated, or incomplete.
- Freedom of Information Act (FOIA). The FOIA creates procedures whereby any member of the public may obtain the records of the agencies of the Government.
- Internal Revenue Code (I.R.C.) §7422 (Civil Actions for Refund). A taxpayer can file a suit for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected.
- I.R.C. §7426 (Civil Actions by Persons Other Than Taxpayers). Persons other than the taxpayer whose property is wrongfully levied upon to satisfy another taxpayer's liability may bring a civil action against the United States.
- I.R.C. §7431 (Improper Disclosure of Returns and Return Information). A person may sue for civil damages if any officer or employee of the United States knowingly, or by reason of negligence, inspects or discloses any return or return information with respect to the taxpayer in violation of any provision of I.R.C. § 6103.
- I.R.C. §7432 (Civil Damages for Failure to Release Lien). A taxpayer may bring a civil action for damages against the United States if any officer or employee of the IRS knowingly, or by reason of negligence, fails to release a lien under I.R.C. §6325 on property of the taxpayer.
- I.R.C. §7433 (Civil Damages for Certain Unauthorized Collection Actions). This section permits a taxpayer to recover civil damages arising from an IRS officer's or employee's negligent disregard of any provision of the I.R.C. or the Department of the Treasury regulations in connection with the collection of federal tax from the taxpayer.
- I.R.C. §7435 (Civil Damages for Unauthorized Enticement of Information Disclosure). A taxpayer may sue for civil damages if any officer or employee of the United States intentionally compromises the determination or collection of any tax due from an attorney, certified public accountant, or enrolled agent representing the taxpayer in exchange for

Improvements Are Needed in the Chief Counsel's Management Information System to Better Protect Taxpayer Privacy and Rights

Case 1:05-cv-02209-CKK    Document 25-6    Filed 02/22/2007    Page 11 of 11

information conveyed by the taxpayer to the attorney, certified public accountant, or enrolled agent for purposes of obtaining advice concerning the taxpayer's tax liability.

## Appendix V

Management's Response to the Draft Report

The response was removed due to its size. To see the complete response, please see the Adobe PDF version of the report on the TIGTA Public Web Page.