UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RONALD N. ROMASHKO,

    Plaintiff,

    v.

UNITED STATES,

    Defendant.

Civil Action No. 05-2209 (CKK)

**MEMORANDUM OPINION**
(September 30, 2007)

*Pro Se* Plaintiff Ronald N. Romashko brings this action against Defendant, the United

States, seeking damages for alleged misconduct by the Internal Revenue Service ("IRS") in the

collection of taxes.  Plaintiff also seeks replevin of property that the IRS has allegedly taken from

him and an injunction against further IRS actions in disregard of the law.  Am. Compl. at 19-20.[1]

Plaintiff primarily seeks relief pursuant to the damages cause of action included in the Taxpayer

Bill of Rights, 26 U.S.C. § 7433 ("TBOR").  *See generally* Am. Compl.  In addition, Plaintiff

invokes a variety of other statutory authorities in support of his claims for relief: the

Administrative Procedure Act ("APA"), 5 U.S.C. §§ 704-06; the All Writs Act, 28 U.S.C. §

1651; the Mandamus Act, 28 U.S.C. § 1361; and unspecified provisions of the Freedom of

Information Act ("FOIA"), the Privacy Act, the Federal Records Act, and the National Archives

Act.  *Id.* at 2-4.

    Presently pending before the Court is Defendant's [17] Motion to Dismiss, which argues

---

[1] The Court shall cite to Plaintiff's "Amended Verified Complaint" by page number, as it does not contain individually numbered paragraphs.

that this case should be dismissed because (1) Plaintiff has failed to exhaust his administrative remedies as required by 26 U.S.C. § 7433(d); and (2) the Court does not have subject matter jurisdiction over Plaintiffs' claims for damages pursuant to the APA, the All Writs Act, the Mandamus Act, 28 U.S.C. § 1331, the FOIA, or the Privacy Act. *See generally* Def.'s Mem. in Support of United States' Mot. to Dismiss Am. Compl. (hereinafter "Def.'s Mem."). In addition, Plaintiff has filed a [20] Motion to Reinstate Entry of Default, as well as a [23] Motion to Supplement Plaintiff's Response to Docket Entry #21. Upon a searching examination of the filings submitted by each party, the attached exhibits, the relevant case law, and the entire record herein, the Court shall grant-in-part and deny-in-part Plaintiff's Motion to Supplement, deny Plaintiff's Motion to Reinstate Entry of Default, grant Defendant's Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and dismiss this action in its entirety.

## I. BACKGROUND

### A. *Procedural History*

Plaintiff filed his initial Complaint in this action on November 10, 2005. On March 15, 2006, Defendant was declared to be in default in the instant action. Thereafter, the Court issued an [8] Order directing Defendant to show cause as to why a response to the Complaint had not been filed, to which Defendant responded by filing a [9] Motion to Vacate Entry of Default. The Court granted Defendant's Motion to Vacate on April 12, 2006, finding that Defendant had not been properly served in this action. Also on April 12, 2006, the Court issued an [12] Order directing Plaintiff to show cause as to why the Court had subject matter jurisdiction over Plaintiff's claims for damages and, in particular, to explain how he had exhausted all administrative remedies as required by 26 U.S.C. § 7433(d)(1) and 26 C.F.R. § 301.7433-1(a),

(e).  Plaintiff filed a [13] Response to that Show Cause Order on April 20, 2006, in which he

argued that he was excepted from exhausting administrative remedies since the IRS had

"'articulated a very clear position on the issue which it has demonstrated it would be unwilling to

reconsider.'"  Pl.'s Resp. to Order to Show Cause at 3 (quoting *Randolph Sheppard Vendors of*

*Am. v. Weinberger*, 795 F.2d 90, 105 (D.C. Cir. 1986)).  Thus, rather than demonstrating that he

had filed any claim for administrative relief prior to filing his initial Complaint in this action,

Plaintiff instead chose to attack the merits of the IRS's administrative process.  *See id.* at 3–18

(providing a history of the TBOR, and arguing, in part, that the regulations in question are illegal

and present a futile avenue for relief).

Before the Court issued any ruling regarding Plaintiff's exhaustion of administrative

remedies, on September 5, 2006, Plaintiff filed his Amended Verified Complaint, in which he

alleges that he "filed a Verified Administrative Claim for Damages with the Internal Revenue

Service, Area 4, Area Director, Baltimore, 31 Hopkins Plaza, Baltimore, MD 21202."  Am.

Compl. at 5.  Plaintiff's Amended Complaint represents one of dozens of virtually identical

lawsuits brought in this jurisdiction by tax protestors–allegedly proceeding *pro se*–asserting a

variety of forms of misconduct by the IRS.[2]  Plaintiff's Amended Complaint presents his claims

_____

[2] *See, e.g.*, *Koerner v. United States*, Civ. A. No. 05-1600 (ESH); *Brandt v. United States*, Civ. A. No. 05-1613 (ESH); *Radcliffe v. United States*, Civ. A. No. 05-1624 (EGS); *Schafrath v. United States*, Civ. A. No. 05-1656 (GK); *Erwin v. United States*, Civ. A. No. 05-1698 (CKK); *Turner v. United States*, Civ. A. No. 05-1716 (JDB); *Shoemaker v. United States*, Civ. A. No. 05-1736 (RWR); *Lindsey v. United States*, Civ. A. No. 05-1761 (RBW); *Garvin v. United States*, Civ. A. No. 05-1775 (RBW); *Lohmann v. United States*, Civ. A. No. 05-1976 (HHK); *Masterson v. United States*, Civ. A. No. 05-1807 (JDB); *Gross v. United States*, Civ. A. No. 05-1818 (JR); *Holyoak v. United States*, Civ. A. No. 05-1829 (HHK); *Travis v. United States*, Civ. A. No. 05-1867 (RCL); *Scott v. United States*, Civ. A. No. 05-2043 (ESH); *Bean v. United States*, Civ. A. No. 05-2145 (CKK); *Anderton v. United States*, Civ. A. No. 06-129 (RBW).

in a slightly different format than his original Complaint (which appears to be the verbatim complaint used in many of the lawsuits brought in this jurisdiction). Nevertheless, Plaintiffs' Amended Complaint appears to be identical to at least one other complaint filed in this jurisdiction, *see Ross v. United States*, 460 F. Supp. 2d 139, 142-43 (D.D.C. 2006) (Bates, J.), and continues to suffer from a deficiency seen in most of these cases–namely, it provides no particularized facts specifically pertaining to Plaintiff Ronald N. Romashko. *See generally* Am. Compl.

Defendant filed its Motion to Dismiss Plaintiff's Amended Complaint on October 27, 2006. On November 6, 2006, Plaintiff filed a Response to Motion to Dismiss and Motion to Reinstate Entry of Default. Defendant filed its combined Reply in Support of its Motion to Dismiss and Opposition to Plaintiff's Motion to Reinstate Entry of Default on November 9, 2006. In turn, on November 27, 2006, Plaintiff filed a "Response to Docket Entry #21," which appears to be his reply in support of his Motion to Reinstate Entry of Default. Thereafter, on February 22, 2007, Plaintiff filed a Motion to Supplement Plaintiff's Response to Docket Entry #21 (hereinafter "Pl.'s Mot. to Supp.").[3]

---

[3] Plaintiff's Motion to Supplement properly "requests leave of court to supplement his response to Docket entry no. 21 based on new jurisprudence," and directs the Court's attention to *Jones v. Bock*, -- U.S. --, 127 S. Ct. 910 (2007), in which Plaintiff asserts the Supreme Court determined that failure to exhaust constitutes an affirmative defense. Pl.'s Mot. to Supp. at 1-3. Having done so, however, Plaintiff's Motion to Supplement continues to reassert a number of arguments raised in connection with the Court's April 12, 2006 Show Cause Order but not included in Plaintiff's reply in support of his Motion to Reinstate Entry of Default, as well as to raise additional arguments for the first time. To the extent that Plaintiff's Motion to Supplement raises such arguments, it constitutes an impermissible sur-reply, which the Court declines to consider. "A surreply may be filed only by leave of Court, and only to address new matters raised in a reply to which a party would otherwise be unable to respond." *United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 238 F. Supp. 2d 270, 276-77 (D.D.C. 2002). Here, Plaintiff does not seek to address issues raised by Defendant in a reply, because Plaintiff's

B.      Allegations Contained In Plaintiff's Amended Verified Complaint

Plaintiff alleges that Defendant, the United States, through the IRS and its employees,

"engaged in and continue[s] to engage in alleged ongoing collection activities through the United

States Mail by sending plaintiff(s) a multitude of letters demanding various sums of money for a

multitude of years and threatening to seize plaintiff's assets if plaintiff(s) does not send the

demanded money."  Am. Compl. at 4.  Plaintiff further alleges that Defendant, through the IRS,

"unlawfully made public return information."  Id.  Plaintiff's Amended Complaint then continues

to enumerate 41 "counts" of alleged misconduct on the part of Defendant, which amount to a

litany of regulations and statutory provisions with few underlying factual allegations.[4]

Specifically, Plaintiff alleges that the IRS:

_____

own reply is the final filing in connection with his Motion to Reinstate Entry of Default.  Rather,
Plaintiff's Motion to Supplement simply seeks to raise arguments that could have been, but were
not, included in his reply.  As such, the Court shall grant-in-part Plaintiff's Motion to
Supplement, insofar as it directs the Court's attention to Jones, but shall deny the remainder of
Plaintiff's Motion to Supplement.

       Even if the Court were to consider the arguments raised in Plaintiff's Motion to
Supplement, the Court would conclude that they lack merit.  Insofar as Plaintiff argues that he is
not required to exhaust his administrative remedies under 26 U.S.C. § 7433(d) due to an alleged
exception, those arguments have been considered and rejected by this Court and other courts in
this District.  See Turner v. United States, 429 F. Supp. 149, 152-53 (D.D.C. 2006); Smith v.
United States, 475 F. Supp. 2d 1, 12-14 (D.D.C. 2006) (Kollar-Kotelly, J.); Larue v. United
States, Civil Action No. 06-61 (CKK), 2006 WL 4491442, at *8-11 (D.D.C. Dec. 4, 2006).  To
the extent that Plaintiff suggests that a determination as to whether Plaintiff is required to exhaust
administrative remedies is "within the province of the jury," that argument has been rejected by a
court in this District as well.  See Jaeger v. United States, No. Civ. A. 06-625 (JDB), 2006 WL
1518938, at *2-3 (D.D.C. May 26, 2006) ("Whether exhaustion of administrative remedies is
required (including whether an exception applies) presents a question of law, which is for the
court, rather than the jury, to decide.") (citations omitted).

       [4] The Court's description of Plaintiff's Amended Complaint is based in large part on
Judge John D. Bates' description of a clearly identical complaint in Ross, 460 F. Supp. 2d at 142-
44.

- Failed to notify Plaintiff of the imposition of a requirement to keep records, make statements, or file returns with respect to any federal tax, in disregard of 26 U.S.C. § 6001 and 26 C.F.R. § 1.6001-1 (Counts 1-2);

- Failed to prepare, execute, and/or disclose a substitute return in Plaintiff's name, in disregard of 26 C.F.R. §§ 6103 and 6020, 26 C.F.R. § 301.6020-1, and 27 C.F.R. parts 53 and 70 (Counts 3-9);

- Unlawfully forced Plaintiff to use a social security account number that is assignable by the Commissioner of Social Security only to aliens and applicants for/recipients of federal benefits, in disregard of 26 U.S.C. § 6109 (Count 10);

- Failed to limit assessments to taxes shown on a tax return and "unpaid taxes payable by stamp," and otherwise made improper tax assessments, in disregard of 26 U.S.C. §§ 6201-02 and 27 C.F.R. part 70 (Counts 11-13);

- Failed to record, execute, and provide Plaintiff with records of assessments, in disregard of 26 U.S.C. § 6203 and 26 C.F.R. § 301.6203.1 (Counts 14-17);

- Failed to promulgate regulations to implement the Internal Revenue Code ("IRC") provision addressing tax deficiency, 26 C.F.R. § 6211 (Count 15);

- "[E]xceeded the limits imposed upon the Secretary's authority to collect taxes," due to the Secretary's alleged failure to develop and implement procedures governing the supervision and discipline of IRS employees involved in the levy or seizure of taxpayer property, in disregard of 26 U.S.C. § 6301 (Count 19);

- Failed to implement the provisions of 26 U.S.C. § 6301, in disregard of 27 C.F.R. parts 24-26, 41, 53, 70, and 270 (Counts 20-26);

- Failed to provide timely notice of unpaid taxes, including the amount owed and demanding payment, in disregard of 26 U.S.C. § 6303 (Count 27);

- Failed to implement the provisions of 26 U.S.C. § 6303, in disregard of 27 C.F.R. parts 53 and 70 (Counts 28-29);

- Engaged in "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of any unpaid tax," in disregard of 26 U.S.C. § 6304 (Count 30);

- Failed to comply with certain procedural requirements applicable to IRS notices of liens and penalties, including 26 U.S.C. §§ 6320-23 and 6751, and 27 C.F.R. parts 70 and 301 (Counts 31-38);

•    Unlawfully disclosed return information by filing notices of liens in amounts for which no record of assessment exists, in disregard of 26 U.S.C. § 7213 (Count 39); and

•    Made false claims resulting in the prosecution and incarceration of Plaintiff for tax crimes, in disregard of 26 U.S.C. § 7214 (Counts 40-41).

Plaintiff's Amended Complaint does not refer to any specific tax year, identify the amount of taxes allegedly demanded by the IRS, or specify the liens or property allegedly at issue. *See generally* Am. Compl. In a footnote to his Amended Complaint, Plaintiff describes his action as one "for damages because the IRS disregarded and continues to disregard certain sections of the IRS Code while engaged in collection activity regarding plaintiff(s)." *See id.* at 1 n.1. Plaintiff's note also asserts that "[t]his is not an action requesting declaratory judgment, refund of taxes under 26 U.S.C. [§] 7422 or an action for injunctive relief." *Id.* Nevertheless, Plaintiff seeks an order "enjoining defendant[] . . . from further acting in disregard of law or regulation," as well as "directing replevin of any and all property taken from Plaintiff(s) . . . ." *Id.* at 19-20. In addition, Plaintiff requests that the Court issue an order directing Defendant to pay damages in the amount of $10,000 for each alleged disregard of the IRC and/or IRS regulations, as well as "such other and further damages as the court deems just and proper." *Id.* Plaintiff asserts that this Court has jurisdiction to award the relief he seeks pursuant to 26 U.S.C. § 7433, the APA, 5 U.S.C. §§ 704-06; the All Writs Act, 28 U.S.C. § 1651; the Mandamus Act, 28 U.S.C. § 1361; and unspecified provisions of the FOIA, the Privacy Act, the Federal Records Act, and the National Archives Act. *Id.* at 2-4.

## II.  LEGAL STANDARD

A.    *Federal Rule of Civil Procedure 12(b)(1)*

A court must dismiss a case when it lacks subject matter jurisdiction pursuant to Rule

12(b)(1).  A court may appropriately dispose of a case under 12(b)(1), and may "consider the

complaint supplemented by undisputed facts evidenced in the record, or the complaint

supplemented by undisputed facts plus the court's resolution of disputed facts."  *Coalition for*

*Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003) (citations omitted).  *See*

*also Jerome Stevens Pharm., Inc. v. Food & Drug Admin.*, 402 F.3d 1249, 1253 (D.C. Cir. 2005)

("[T]he district court may consider materials outside the pleadings in deciding whether to grant a

motion to dismiss for lack of jurisdiction."); *Artis v. Greenspan*, 223 F. Supp. 2d 149, 152 n.1

(D.D.C. 2002) ("A court may consider material outside of the pleadings in ruling on a motion to

dismiss for lack of venue, personal jurisdiction or subject matter jurisdiction."); *Vanover v.*

*Hantman*, 77 F. Supp. 2d 91, 98 (D.D.C. 1999), *aff'd*, 38 F. App'x 4 (D.C. Cir. 2002) ("[W]here

a document is referred to in the complaint and is central to plaintiff's claim, such a document

attached to the motion papers may be considered without converting the motion to one for

summary judgment.") (citing *Greenberg v. The Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir.

1999)).  "At the motion to dismiss stage, counseled complaints, as well as *pro se* complaints, are

to be construed with sufficient liberality to afford all possible inferences favorable to the pleader

on allegations of fact."  *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1106 (D.C. Cir. 2005).  In

spite of the favorable inferences that a plaintiff receives on a motion to dismiss, it remains the

plaintiff's burden to prove subject matter jurisdiction by a preponderance of the evidence.  *Am.*

*Farm Bureau v. Environmental Prot. Agency*, 121 F. Supp. 2d 84, 90 (D.D.C. 2000).

B.      *Federal Rule of Civil Procedure 12(b)(6)*

The Federal Rules of Civil Procedure require that a complaint contain "'a short and plain

statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. ___, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355

U.S. 41, 47 (1957)); *accord Erickson v. Pardus*, 551 U.S. ___, 127 S. Ct. 2197, 2200 (2007) (per

curiam).  Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6)

motion to dismiss, to provide the "grounds" of "entitle[ment] to relief," a plaintiff must furnish

"more than labels and conclusions" or "a formulaic recitation of the elements of a cause of

action."  *Id*. at 1964-65; *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986).  Instead, the

complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative

level, on the assumption that all the allegations in the complaint are true (even if doubtful in

fact)."  *Bell Atl. Corp*., 127 S. Ct. at 1965 (citations omitted).  Hence, although "a well-pleaded

complaint may proceed even if it strikes a savvy judge that actual proof of those facts is

impossible, and 'that a recovery is very remote and unlikely,'" *id*. (quoting *Scheuer v. Rhodes*,

416 U.S. 232, 236 (1974)), the "threshold requirement" of Fed. R. Civ. P. 8(a)(2) is "that the

'plain statement' possess enough heft to 'sho[w] that the pleader is entitled to relief,'" *id*. at 1966

(quoting Fed. R. Civ. P. 8(a)(2)).

In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must

construe the complaint in a light most favorable to the plaintiff and must accept as true all

reasonable factual inferences drawn from well-pleaded factual allegations.  *In re United Mine*

*Workers of Am. Employee Benefit Plans Litig.*, 854 F. Supp. 914, 915 (D.D.C. 1994); *see also*

9

*Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979) ("The complaint must be 'liberally construed in favor of the plaintiff,' who must be granted the benefit of all inferences that can be derived from the facts alleged."). While the court must construe the Complaint in the Plaintiff's favor, it "need not accept inferences drawn by the plaintiff[] if such inferences are unsupported by the facts set out in the complaint." *Kowal v. MCI Comm'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). Moreover, the court is not bound to accept the legal conclusions of the non-moving party. *See Taylor v. FDIC*, 132 F.3d 753, 762 (D.C. Cir. 1997). The court is limited to considering facts alleged in the complaint, any documents attached to or incorporated in the complaint, matters of which the court may take judicial notice, and matters of public record. *See E.E.O.C. v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997); *Marshall County Health Care Auth. v. Shalala*, 988 F.2d 1221, 1226 n.6 (D.C. Cir. 1993). Factual allegations in briefs of memoranda of law may not be considered when deciding a Rule 12(b)(6) motion, particularly when the facts they contain contradict those alleged in the complaint. *Henthorn v. Dep't of Navy*, 29 F.3d 682, 688 (D.C. Cir. 1994); *cf. Behrens v. Pelletier*, 516 U.S. 299, 309, 116 S. Ct. 834, 840, 133 L. Ed. 2d 773 (1996) (when a motion to dismiss is based on the complaint, the facts alleged in the complaint control).

### III.  DISCUSSION

Defendant's Motion to Dismiss contains two principal arguments: (1) that Plaintiff has failed to exhaust his administrative remedies as required by 26 U.S.C. § 7433(d); and (2) that the Court does not have subject matter jurisdiction over Plaintiffs' claims for damages pursuant to the APA, the All Writs Act, the Mandamus Act, 28 U.S.C. § 1331, the FOIA, or the Privacy Act. In addition, Defendant raises a number of arguments relating to the availability of Plaintiff's

requests for relief.  The Court addresses each of these arguments in turn.

        A.        *Plaintiff's Claim For Damages Pursuant To 26 U.S.C. § 7433(d)*

Defendant moves to dismiss Plaintiff's claim for damages pursuant to 26 U.S.C. § 7433 on the ground that Plaintiff has failed to exhaust his administrative remedies.  Def.'s Mem. at 3-8.  Section 7433(d)(1) provides that "[a] judgment for damages shall not be awarded . . . unless the court determines that the plaintiff exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service."  *Id.*  Consistent with Section 7433(d)(1), the IRS has promulgated regulations that establish procedures to be followed by a taxpayer who believes that IRS officials have disregarded provisions of the tax code in their collection activities.  *See* 26 C.F.R. § 301.7433-1.  Specifically, these regulations require that an aggrieved taxpayer first submit his or her claim "in writing to the Area Director, Attn: Compliance, Technical Support Manager[,] of the area in which the taxpayer currently resides," and further requires that the claim include:

     i.      The name, current address, current home and work telephone numbers and any convenient times to be contacted, and taxpayer identification number of the taxpayer making the claim;

     ii.     The grounds, in reasonable detail, for the claim (include copies of any available substantiating documentation or correspondence with the Internal Revenue Service);

     iii.    A description of the injuries incurred by the taxpayer filing the claim (include copies of any available substantiating documentation or evidence);

     iv.    The dollar amount of the claim, including any damages that have not yet been incurred but which are reasonably foreseeable (include copies of any available substantiating documentation or evidence); and

     v.     The signature of the taxpayer or duly authorized representative.

*Id.* If such a claim is filed and the IRS has either issued a decision on the claim <u>or</u> has allowed six months to pass from the date of filing without acting on it, the taxpayer may proceed to file suit in federal district court pursuant to 28 U.S.C. § 7433(a). *See* 26 C.F.R. § 301.7433-1(d)(1). The regulations also provide for immediate filing of suit following the submission of the administrative claim if the claim is submitted during the last six months of the two-year statute-of-limitations period. *See id.* § 301.7433-1(d)(2).

While many courts have treated a failure to meet the exhaustion requirement of 26 U.S.C. § 7433(d)(1) as jurisdictional, and thereby covered by a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), *see Turner v. United States*, 429 F. Supp. 2d 149, 155 (D.D.C. 2006) (collecting examples), this Court–based on the analysis set forth by Judge Bates in *Turner*, 429 F. Supp. 2d at 153-55, and Judge Reggie B. Walton in *Lindsey v. United States*, 448 F. Supp. 2d 37, 49-55 (D.D.C. 2006)–concludes that the D.C. Circuit's decision in *Avocados Plus, Inc. v. Veneman*, 370 F.3d 1243, 1247-48 (D.C. Cir. 2005), and the United States Supreme Court's ruling in *Arbaugh v. Y & H Corp.*, 546 U.S. 500 (2006), entail that the requirements of 26 U.S.C. § 7433(d)(1) are non-jurisdictional in character.[5] As such, any motion seeking dismissal under Section 7433(d)(1) is better characterized as a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

---

[5] Defendant's Motion to Dismiss specifically addresses *Turner* in arguing that the exhaustion requirement contained in 26 U.S.C. § 7433 is jurisdictional. Defendant argues that *Turner* failed to adequately consider the principle that the United States, as sovereign, is immune from suit except as it consents to be sue, and that one of the terms of its consent to suit under 26 U.S.C. § 7433 is exhaustion of administrative remedies. *See id.* at 4-6 n.3 (citing *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981)). Nevertheless, for the reasons set forth by Judge Bates in rejecting the same argument in *Ross*, the Court continues to consider the exhaustion requirement of section 7433(d) non-jurisdictional in nature. *See Ross*, 460 F. Supp. at 145-46.

Defendant primarily characterizes its motion to dismiss for failure to exhaust administrative remedies as one based on lack of subject matter jurisdiction, *see* Defs.' Mem. at 3-8; however, Defendant's motion is generally brought under Federal Rule of Civil Procedure 12(b), and specifically notes that "even if the Court determines that exhaustion of administrative remedies is not jurisdictional, the Court should dismiss plaintiffs' [sic] complaint for failure to state a claim for which relief can be given, as set forth in *Turner*," *id.* at 6 n.3. The Court shall therefore consider Defendant's request to dismiss Plaintiff's claim for failure to exhaust administrative remedies as a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

The bulk of Plaintiff's Response to Defendant's motion to dismiss is devoted to arguing that the exhaustion requirement in section 7433 is non-jurisdictional in nature, an argument with which the Court clearly agrees. *See* Pl.'s Resp. at 1-5. Beyond that, Plaintiff's Response does not proffer additional details concerning Plaintiff's filing of an administrative claim, but simply asserts that his Amended Complaint complies with the requirements of notice pleading and that failure to state a claim based on an exhaustion requirement is an affirmative defense, with respect to which Defendant bears the burden. *Id.* at 5-7; Pl.'s Suppl. at 1-5 (citing *Jones v. Bock*, 127 S. Ct. 910 (2007).[6] Plaintiff is correct that in *Jones*, the Supreme Court stated that "the usual

---

[6] Plaintiff's Response was also filed as a Motion to Reinstate Entry of Default, apparently because Defendant moved to vacate the previous entry of default in this action on the grounds that the Court lacked subject matter jurisdiction because Plaintiff had not exhausted his administrative remedies. *See* Pl.'s Resp. at 7. Although the Court agrees with Plaintiff that 26 U.S.C. § 7433(d)'s exhaustion requirement is non-jurisdictional in nature, this conclusion does not require the reinstatement of the previous entry of default, because that default was vacated due to Plaintiff's failure to properly serve Defendant and not on the grounds of lack of subject matter jurisdiction. *See* Order [11], *Romashko v. United States*, Civil Action No. 05-2209 (D.D.C. Apr. 12, 2006). The Court shall therefore deny Plaintiff's Motion to Reinstate Entry of

practice under the Federal Rules [of Civil Procedure] is to regard exhaustion as an affirmative

defense." *Id.* at 919. However, *Jones* also specifically notes that "[w]hether a particular ground

for opposing a claim may be the basis for dismissal for failure to state a claim depends on

whether the allegations in the complaint suffice to establish that ground, not on the nature of the

ground in the abstract." *Id.* at 921. Thus, "[a] complaint may be subject to dismissal under Rule

12(b)(6) when an affirmative defense . . . appears on its face." *Id.* (quoting *Leveto v. Lapina*, 258

F.3d 156, 161 (3d Cir. 2001)); *see also Thompson v. Drug Enforcement Admin.*, 492 F.3d 428,

438 (D.C. Cir. 2007) ("Even when failure to exhaust is treated as an affirmative defense, it may

be invoked in a Rule 12(b)(6) motion if the complaint somehow reveals the exhaustion defense

on its face." (citing *Jones*, 127 S. Ct. at 921).

 As noted above, Plaintiff's Amended Complaint alleges simply that Plaintiff "filed a

Verified Administrative Claim for Damages with the Internal Revenue Service, Area 4, Area

Director, Baltimore, 31 Hopkins Plaza, Baltimore, MD 21202." Am. Compl. at 5. However, as

Defendant correctly argues, this allegation does not demonstrate that Plaintiff exhausted his

administrative remedies as required by 26 C.F.R. § 7433(d) because it is clear that Plaintiff filed

his administrative claim *after* commencing this action and *before* the requisite six-month waiting

period expired.[7] Specifically, Plaintiff filed his initial Complaint in this action on November 10,

2005. Plaintiff's original Complaint contains boilerplate allegations that he "exhausted all

_____

Default.

 [7] In addition, Defendant argues that Plaintiff's allegation regarding his administrative claim is insufficient, even under the notice pleading standard, because Plaintiff does not allege that his administrative claim included the information required by 26 C.F.R. § 301.7433-1(e). The Court need not address the sufficiency of Plaintiff's allegation, however, because it is clear that Plaintiff's suit is premature.

administrative remedies," but no specific allegation that he filed an administrative claim before filing his Complaint.  *See* Compl. ¶¶ 6, 24, 28.  Furthermore, in response to the Court's Show Cause Order directing Plaintiff to explain how he had exhausted his administrative remedies, Plaintiff did not demonstrate that he had filed a claim for administrative relief, but rather attempted to attack the merits of the IRS's administrative process.  *See* Pl.'s Resp. to Order to Show Cause.  Finally, in his Motion to Supplement, Plaintiff asserts that the administrative claim referenced in his Amended Complaint was received by the IRS on July 24, 2006.  *See* Pl.'s Mot. to Supp. at 14.  It is therefore clear that Plaintiff filed his administrative claim in July 2006–more than eight months after commencing this action.

Plaintiff's Motion to Supplement asserts that "[m]ore than 6 months have passed [since he filed his administrative claim] and plaintiff has not received a response," such that Plaintiff has satisfied section 7433's exhaustion requirement.  *Id.*  Plaintiff's argument lacks merit, however, because 26 C.F.R. § 301.7433-1(d) requires taxpayers seeking damages for alleged wrongful collection of taxes to "file an administrative claim prior to filing suit and [to] wait six months before commencing a suit in district court, unless the Secretary issues a ruling earlier." *Martens v. United States*, Civil Action No. 05-1805 (RMC), -- F. Supp. 2d. --,--, 2007 WL 2007580, at *3 (D.D.C. Jul. 6, 2007) (citing 26 C.F.R. § 301.7433-1(d)).  Here, Plaintiff filed his administrative claim in July 2006 and his Amended Complaint in September 2006, only three months later.  Thus, even if the Court were to conclude that Plaintiff's filing of an administrative claim *after* commencing this action could hypothetically cure his previous failure to exhaust, Plaintiff would nevertheless have failed to exhaust his administrative remedies by not waiting the requisite six months before commencing this action.  To be sure, Plaintiff's "premature filing

15

cannot be cured by the passage of time." *Id.*

Moreover, despite Plaintiff's attempt to obscure it, the fact remains that Plaintiff commenced this action in November 2005, eight months before filing an administrative claim. By doing so, Plaintiff "effectively den[ied] the IRS any opportunity to administratively remedy the situation . . . [and] failed to satisfy the indispensable prerequisite of exhaustion of administrative remedies." *Miller v. United States*, Civil Action No. 06-1250, -- F. Supp. 2d. --,--, 2007 WL 2071642, at *3 (D.D.C. Jul. 19, 2007) (internal quotation omitted). As the D.C. Circuit has explained, "[n]on-jurisdictional exhaustion serves three functions: 'giving agencies the opportunity to correct their own errors, affording parties and courts the benefits of agencies' expertise, and compiling a record adequate for judicial review.'" *Avocados Plus, Inc.*, 370 F.3d at 1247 (quoting *Marine Mammal Conservancy, Inc. v. Dep't of Agric.*, 134 F.3d 409 (D.C. Cir. 1998) and citing *McCarthy v. Madigan*, 503 U.S. 140, 145-46 (1992)). Plaintiff's premature filing of this action thus violated both the letter and the spirit of the relevant exhaustion requirement. Because this failure "appears on [the] face" of Plaintiff's Amended Complaint, the Court shall dismiss Plaintiff's claim for damages under 26 U.S.C. § 7433 for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Jones*, 127 S. Ct. at 921. In so doing, the Court notes that at least two other courts in this District have concluded that plaintiffs fail to exhaust their administrative remedies under 26 U.S.C. § 7433 and 26 C.F.R. § 301.7433-1(d) when they file administrative claims subsequent to filing complaints in federal court. *See Martens*, 2007 WL 2007580, at *3 (noting that the "legislative history [of 26 U.S.C. § 7433] demonstrates that Congress intended that all administrative proceedings be complete before a [p]laintiff can initiate judicial proceedings") (citations omitted); *Miller*, 2007 WL 2071642, at

16

*3; *but see Guthery v. United States*, Civil Action No. 06-176 (EGS), -- F. Supp. 2d. --,--, 2007 WL 2433919 (D.D.C. Aug. 29, 2007).

      B.      *Other Alleged Bases For Jurisdiction And Claims For Relief*

Plaintiff characterizes this action as one for damages and, in addition to relying on 26 U.S.C. § 7433, asserts that the Court has jurisdiction over his claims under the APA, 28 U.S.C. § 1331, the All Writs Act, the Mandamus Act, the FOIA, the Privacy Act, the Federal Records Act, and the National Archives Act. *See* Am. Compl. at 2-4. In turn, Defendant argues that "[n]one of these statutes provides jurisdiction over actions concerning the assessment and/or collection of federal taxes." Def.'s Mem. at 8. Defendant is correct in all respects, for reasons extensively discussed by other courts in this District in addressing the same purported jurisdictional grounds in largely identical cases. As such, the Court shall only briefly address the deficiencies of Plaintiff's alternative jurisdictional claims.

As an initial matter, 26 U.S.C. § 7433 contains an exclusivity provision, which states "[e]xcept as provided by section 7432, [a civil action under section 7433] shall be the exclusive remedy for recovering damages." 26 U.S.C. § 7433. At least five judges in this District have determined that the exclusivity provision bars claims for damages under other provisions of the IRC "in connection with any collection of Federal tax," and the Court sees no need to revisit that conclusion. *See Ross*, 460 F. Supp. 2d at 148-49 (Bates, J.) (quoting *Shwarz v. United States*, 234 F.3d 428, 432-33 (9th Cir. 2000)); *see also Miller v. United States*, 496 F. Supp. 2d 129, 132 (D.D.C. 2007) (Urbina, J.); *Glass v. United States*, 480 F. Supp. 2d. 162, 164-65 (D.D.C. 2007) (Huvelle, J.); *Powell v. United States*, 478 F. Supp. 2d 66, 67-68 (D.D.C. 2007) (Leon, J.); *Hallinan v. United States*, 498 F. Supp. 2d 315, 318 (D.D.C. 2007) (Collyer, J.).

Furthermore, it is clear that, notwithstanding the exclusivity provision, most of the statutes to which Plaintiff points do not establish jurisdiction over Plaintiff's claims for damages. "It is elementary that the United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain that suit." *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (citation omitted). Moreover, "a waiver of sovereign immunity 'cannot be implied but must be unequivocally expressed.'" *Id.* (citing *United States v. King*, 395 U.S. 1, 4 (1969)). Plaintiff's resort to the APA is therefore ineffective because, "the APA's waiver of sovereign immunity does not apply to suits for money damages. *Ross*, 460 F. Supp. 2d at 149 (citing *Holt v. Davidson*, 441 F. Supp. 2d 122, 128 (D.D.C. 2006) and *Larsen v. United States Navy*, 346 F. Supp. 2d 122, 128 (D.D.C. 2004) (explaining that 5 U.S.C. § 702 provides a waiver of sovereign immunity for an "action in a court of the United States seeking relief *other than monetary damages*.") (emphasis in original)). Furthermore, Plaintiff cannot pursue a claim for injunctive relief under the APA because "an action brought under the APA is barred if it concerns the assessment or collection of federal taxes." *Ross*, 460 F. Supp. 2d at 149 (quoting *McGuirl v. United States*, 360 F. Supp. 2d 129, 132 (D.D.C. 2004), *aff'd*, 167 Fed. Appx. 808 (D.C. Cir. 2005)); *see also Murphy v. IRS*, 493 F.3d 170, 174 (D.C. Cir. 2007) ("Congress has preserved the immunity of the United States from declaratory and injunctive relief with respect to all tax controversies except those pertaining to the classification of organizations under § 501(c) of the [IRC].").

Similarly, 28 U.S.C. § 1331, the Mandamus Act, and the All Writs Act do not provide jurisdiction over Plaintiff's claims for damages. "Neither the general federal question statute nor the mandamus statute by itself waives sovereign immunity." *Swan v. Clinton*, 100 F.3d 973, 981

18

(D.C. Cir. 1996); *see also Ross*, 460 F. Supp. 2d at 150 (plaintiff could not bring an identical

claim for damages under the Mandamus Act because "the Anti-Injunction Act . . . precludes

relief in the nature of mandamus where plaintiffs have simply cloaked an action for an injunction

against the collection of taxes as a mandamus action.") (citations omitted).  Likewise, the All

Writs Act "itself is not a grant of jurisdiction."  *Ross*, 460 F. Supp. 2d at 151 (quoting *In re

Tennant*, 359 F.3d 523, 527 (D.C. Cir. 2004); *see also Buaiz v. United States*, 471 F. Supp. 2d

129, 138 (D.D.C. 2007) (same).  Nor can Plaintiff establish jurisdiction over his damages claim

based on the FOIA or the Privacy Act, for the reasons set forth by Judge Bates in *Ross*.  *See* 460

F. Supp. 2d at 151.  Specifically, "FOIA . . . provides requesters with the potential for injunctive

relief only" and thus precludes the creation of a damages remedy, *id.* (quoting *Johnson v.

Executive. Office for United States Attorneys*, 310 F.3d 771, 777 (D.C. Cir. 2002)), and § 6103 of

the IRC provides the "exclusive remedy for a taxpayer claiming unlawful disclosure of his or her

tax returns and information," *id.* (quoting *Gardner v. United States*, 213 F.3d 735, 741 (D.C. Cir.

2000)).[8]

     Finally, Plaintiff's Amended Complaint asserts that "this is an action for damages" and

not "an action requesting declaratory judgment refund of taxes under 26 USC [§] 7422 or an

action for injunctive relief."  Am. Compl. at 1 n.1.  Nevertheless, Plaintiff seeks an order

"directing replevin of any and all property taken from Plaintiff(s) . . .," as well as "enjoining [the

---

[8] Plaintiff's Amended Complaint also includes cursory references to the Federal Records
Act and the National Archives Act in its "jurisdiction" section.  *See* Am. Compl. at 3.  Although
Plaintiff does not explain, and the Court cannot determine, which provisions of these statutes
Plaintiff asserts establish jurisdiction or a cause of action for damages, the Court notes that such
claims are barred by the exclusivity provision of 26 U.S.C. § 7433 insofar as they relate to tax
collection activity.  *See Ross*, 460 F. Supp. 2d at 151 n.8.

IRS] from further acting in disregard of law or regulation." *Id.* at 20.  Plaintiff is precluded from

obtaining the injunctive relief he seeks because, as numerous courts in this District have

reiterated, the Anti-Injunction Act provides that "no suit for the purpose of restraining the

assessment or collection of any tax shall be maintained in any court by any person."  26 U.S.C. §

7421(a); *see Ross*, 460 F. Supp. 2d at 147-48; *Goodwin v. United States*, Civil Action No. 06-

1771 (RJL), -- F. Supp. 2d --, --, 2007 WL 1601722, at *2-3 (D.D.C. Jun. 4, 2007); *see also*

*Foodservice and Lodging Instit., Inc. v. Regan*, 809 F.2d 842, 844 (D.C. Cir. 1989).  Moreover,

Plaintiff cannot assert a claim for "replevin" because such a claim is "essentially a claim for a

refund of taxes paid."  *Goodwin*, 2007 WL 1601722, at *2 (citing *Ross*, 460 F. Supp. 2d at 153-

54).  "A refund action cannot be maintained . . . unless the taxpayer has already paid the taxes

assessed and filed a claim for a refund."  *Id.* (citing, *inter alia*, 26 U.S.C. § 7422(a); *Flora v.*

*United States*, 362 U.S. 145 (1960)).  As Plaintiff fails to allege that he paid any taxes assessed

by the IRS, he is precluded from maintaining his disguised claim for a refund.  *Id.*; *Ross*, 460 F.

Supp. at 152-53.

## IV.  CONCLUSION

For the foregoing reasons, the Court shall grant-in-part and deny-in-part Plaintiff's

Motion to Supplement and shall deny Plaintiff's Motion to Reinstate Entry of Default.  In

addition, the Court concludes that Plaintiff's damages claim under 26 U.S.C. § 7433(d) fails to

state a claim because he did not properly exhaust his administrative remedies, that the alternative

bases invoked by Plaintiff do not establish jurisdiction over his claim for damages, and that

Plaintiff cannot maintain his claims for other forms of relief.  As such, the Court shall dismiss

Plaintiff's Amended Complaint in its entirety pursuant to Federal Rules of Civil Procedure

12(b)(1) and 12(b)(6).


Date:   September 30, 2007


                                        */s/*

                                         COLLEEN KOLLAR-KOTELLY
                                         United States District Judge